SERRALLÉS, DEMANDANTE Y APELANTE, *v.* TESORERO DE PUERTO RICO, DEMANDADO Y APELADO.

APELACIÓN .procedente de la Corte de Distrito de San Juan, Primer Distrito, en pleito sobre devolución de contribuciones.

No. 2603.—Resuelto en marzo 17, 1922.

CONTRIBUCIONES: DEVOLUCIÓN DE—PLEITOS CONTRA EL PUEBLO DE PUERTO RICO—FIANZAS.—La Ley No. 76 de 1916 es un estatuto autorizando pleitos en contra de El Pueblo de Puerto Rico de acuerdo con sus propios términos, y si bien un pleito sobre devolución de contribuciones puede ser, en propios casos, considerado como un pleito contra El Pueblo de Puerto Rico, siéndole quizá aplicable lo prescrito en la sección 4 de la Ley No. 76 de 1916, sin embargo, cuando tal pleito se establece basándose exclusivamente en la Ley No. 80 de 1919, bastará cumplir los requisitos exigidos por dicha ley entre los cuales no se encuentra la prestación de fianza.

ID.—CAUSA DE ACCIÓN—DEMANDA SUFICIENTE.—El hecho de que en una demanda establecida al amparo de la sección 66 de la Ley No. 80 de 1919 para obtener la devolución de contribuciones no se alegue que el demandante recurrió infructuosamente a la Junta de Revisión e Igualamiento ni que pagó bajo protesta, no es bastante para concluir que la demanda no expone hechos suficientes, porque en tal caso ni es necesario recurrir a la junta ni pagar bajo protesta.

Los hechos están expresados en la opinión.

Abogados del apelante: Sres. *Texidor y de la Haba.*

Abogados del apelado: *Hon. Attorney General, C. Llauger y R. H. Todd, Jr.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia dictada en un pleito establecido por Juan Eugenio Serrallés contra José E. Benedicto, Tesorero de Puerto Rico, sobre devolución de contribuciones indebidamente cobradas.

En su declaración de ingresos correspondiente al 1918 el

demandante declaró haber percibido $119,768.32. De ellos $108,022.78 procedían de sus ganancias y utilidades en la sociedad civil "Sucesión de J. Serrallés." Las leyes que regían en 1917 y 1918 eran distintas en cuanto al tipo fijado en la escala ascendente de ingresos. La contribución de 1918 era más subida. El Tesorero calculó la contribución como si todos los ingresos declarados hubieran sido percibidos en 1918. Pagó sin protesta · el demandante y luego, el 2 de agosto de 1920, dirigió una carta al Tesorero alegando que de los ingresos declarados, $76,015.18 habían sido obtenidos en 1917 y por tanto que la contribución sobre ellos debía graduarse de acuerdo con la ley vigente en aquel año y no como se había hecho con arreglo a la ley vigente en 1918. Terminó pidiendo que se le devolvieran los $7,708.30 que de tal modo se le habían cobrado de más. Contestó el Tesorero en 10 de agosto de 1920 negando la petición porque los ingresos habían sido recibidos por Serrallés a virtud de un balance en 30 de abril de 1918 y fué en aquel momento que los adquirió válidamente no importando el hecho de que el balance lo fuera por un período de un año que terminaba en su fecha. No conforme Serrallés inició este pleito por demanda fechada el 17 de agosto de 1920.

El Tesorero alegó que la demanda no aducía hechos suficientes para determinar una causa de acción y su excepción fué declarada sin lugar. Presentó entonces una moción solicitando la desestimación de la demanda por no haberse prestado la fianza previa exigida por el artículo 4 de la Ley No. 76 de 1916, y archivó su contestación. Fué el pleito a juicio y quedó concluso para sentencia el 27 de abril de 1921.

Así las cosas, el 26 de agosto de 1921 la Corte de Distrito dictó sentencia declarando sin lugar la demanda basándose para ello exclusivamente en la moción referente a la prestación de la fianza que había quedado sin resolver. A juicio

de la corte de distrito se trata de un pleito en contra de El Pueblo de Puerto Rico y el demandante, para poderlo establecer válidamente, debió haber prestado la fianza que exige la sección 4 de la Ley No. 76 de 1916.

Contra la sentencia de 26 de agosto último apeló el demandante, señalando como único error el cometido, a su juicio, por la corte, al aplicar a este caso la Ley No. 76 citada, cuando la ley que lo rige es la No. 80 de 1919.

Creemos que tiene razón el apelante. La Ley No. 76 de 1916 es un estatuto autorizando pleitos en contra de El Pueblo de Puerto Rico de acuerdo con sus propios términos, y si bien un pleito sobre devolución de contribuciones puede ser, en propios casos, considerado como un pleito contra El Pueblo de Puerto Rico, siéndole quizá aplicable lo prescrito en la sección 4 de la Ley No. 76 de 1916, cuando tal pleito se establece basándose exclusivamente en una ley especial completa en sí misma, basta ajustarse a los términos de esa ley. Y ese es, en realidad de verdad, este caso.

Aquí se trata de la devolución de una contribución sobre ingresos. La Ley No. 80 de 1919 se decretó para proveer rentas para El Pueblo de Puerto Rico mediante la imposición de determinadas contribuciones sobre ingresos. Por su sección 57 establece que el Tesorero computará la contribución y notificará al contribuyente. Por su sección 58 da al contribuyente el derecho de pedir la reconsideración de su resolución al propio Tesorero. Por la 59 determina lo que debe hacer en tal caso el Tesorero. Por la 61 concede al contribuyente un nuevo recurso para ante la Junta de Revisión e Igualamiento, en el caso de que la resolución del Tesorero continúe siéndole adversa. Por la 62 determina el procedimiento ante la Junta y las facultades de ésta. Y por último, por la sección 63, si la resolución de la Junta le es también adversa, autoriza al contribuyente a pagar bajo pro-

testa y a acudir a la corte de distrito competente en demanda contra el Tesorero de Puerto Rico para ventilar en definitiva el asunto.   Pero hay más.   Después de haberse prescrito este sistema completo en sí mismo, la sección 66 de la ley expresa lo que sigue:

"Sección 66.—El Tesorero queda por la presente autorizado para condonar, reintegrar o restituir toda contribución, o derecho erróneo e ilegalmente impuestos o recaudados, así como el importe de toda multa recaudada por error o sin autoridad legal.

"Si el Tesorero de Puerto Rico, una vez presentada ante él la reclamación oportuna interesando la devolución, reintegro o condonación de todo derecho o contribución errónea o ilegalmente impuestos o recaudados, así como el importe de toda multa recaudada por error o sin autoridad legal, se negare sin motivo alguno a conceder el objeto de dicha reclamación, la parte agraviada podrá entonces recurrir a los tribunales de justicia, siguiendo para ello el trámite autorizado y el procedimiento establecido en la Sección 63 de esta Ley."

Amparado en esa disposición legal fué que acudió a la corte el demandante en este caso.   Esto lo admite en su alegato la propia parte demandada y apelada.   La Ley No. 80 de 1919 no habla de fianzas previas y la sección 4 de la Ley No. 76, de 1916, no está redactada de tal modo que pueda deducirse que fué la intención del legislador que se aplicara a todos los pleitos hasta entonces autorizados contra El Pueblo de Puerto Rico y aún contra los que pudieran autorizarse en el futuro general o especialmente.

Siendo ello así, cae por su base el único fundamento que tuvo la corte de distrito para dictar su sentencia.

La parte apelada insiste en sostener que la demanda no aduce hechos suficientes para determinar una causa de acción. Alega que son aplicables, además de la sección 66 de la Ley No. 80 de 1919, las secciones 61, 62 y 63 y que como en la demanda no se expresa que se acudiera a la Junta de Revi-

sión e Igualamiento, ni que se pagara la contribución bajo protesta, carece de acción el demandante.

No estamos conformes.  Es cierto que la sección 66 prescribe que en la apelación que se establezca se siga el trámite marcado en la sección 63, pero ello claramente se refiere al término para recurrir, a la titulación de la demanda y a la manera como se tramita el pleito en la corte, todo lo que se encuentra en la propia sección 63, sin que sea necesario completar el pensamiento del legislador con lo dispuesto en las secciones 61 y 62.  Claramente se trata de casos distintos.  La ley es en verdad liberal y ofrece amplias oportunidades para corregir cualquier error o reparar cualquier injusticia, primero cuando el contribuyente gestiona desde el principio y segundo cuando tramitada la imposición de la contribución y su cobro sin dificultades ni protestas, el contribuyente pide que se le reintegre lo que a su juicio se le cobró indebidamente.

Habiendo llegado a las anteriores conclusiones ¿qué resolución debemos adoptar?  Resta considerar la cuestión en su fondo.  Jamás fué estudiada por la corte de distrito.  Las partes no la tratan en sus alegatos.  Podríamos quizá señalar una nueva vista a fin de que los abogados informaran sobre ella, pero nos parece que de acuerdo con todas las circunstancias concurrentes, la resolución más justa y apropiada es la de revocar la sentencia apelada y devolver el caso para ulteriores procedimientos.  De este modo daremos la debida oportunidad a la corte que de conformidad con la ley debe tenerla primeramente.

*Revocada la sentencia apelada y devuelto el*
*caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.