Compañía Agrícola de Cayey, Ltd., demandante y apelante, *v.* Manuel V. Domenech, Tesorero de Puerto Rico, demandado y apelado.

No. 6594.—*Sometido:* Febrero 21, 1934. *Resuelto:* Septiembre 29, 1934.

R. *Soltero Peralta,* abogado de la apelante; *Hon. Procurador General Benjamin J. Horton* y *R. Cordovés Arana, Subprocurador,* abogados del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Bajo el título ''Créditos y Reembolsos'', la sección 64 de la Ley No. 74, aprobada por la Legislatura de Puerto Rico con fecha 6 de agosto de 1925 (leyes de ese año, págs. 401, 527), y conocida con el nombre de ''Ley de Contribuciones sobre Ingresos de 1924'', provee:

''Sección 64.—(*a*) Cuando cualquier contribución sobre ingresos o beneficios excesivos impuesta por esta Ley o por la Ley de Contribuciones sobre Ingresos número 59 de 1917, la Ley de Contribuciones sobre Ingresos número 80 de 1919, la Ley de Contribuciones sobre Ingresos número 43 de 1921, o por cualquiera de dichas leyes según han sido enmendadas, o por cualquier otra ley, se hubiere pagado en exceso, el montante de dicho exceso será acreditado a cualquier contribución sobre ingresos o beneficios excesivos o a cualquier plazo de las mismas que estuviere vencido, y cualquier remanente de dicho exceso será reintegrado inmediatamente al contribuyente.

''Cuando se haya hecho un pago de cualquier contribución sobre ingreso o por ganancias excesivas impuestas por la Ley de Contribución sobre Ingresos número 43, de 1921, según fué enmendada, por el año natural de 1924, o por cualquier año fiscal que termine en 1925, el montante de tal pago deberá ser acreditado a favor de cualquier contribución de ingresos o ganancias excesivas entonces adeudada por el contribuyente de acuerdo con las disposiciones de esta Ley o las leyes anteriormente enmendadas en esta subdivisión o de cualquier enmienda a las mismas, y cualquier balance de tal exceso será inmediatamente reembolsado al contribuyente.

''(*b*) A excepción de lo que dispone la subdivisión *c* de esta sec-

ción, (1) no se concederá ningún crédito o reintegro después de cuatro años desde la fecha del pago de la contribución, a menos que antes de vencidos esos cuatro años el contribuyente radique una reclamación, ni (2) deberá el montante del crédito o reintegro exceder de la parte de la contribución que fuere pagada durante los cuatro años inmediatamente precedentes a la reclamación, o, si no se radicare una reclamación, entonces, dentro de los cuatro años inmediatamente precedentes a la concesión del crédito y reintegro.

"" *     *     *     *     *     *     * ""

La aquí apelante trató de recobrar contribuciones sobre ingresos indebidamente pagadas por ella para los años 1921, 1922 y 1923. El Tesorero concedió a la apelante parte de la suma reclamada, pero le negó el saldo ascendente a $352.57, y entonces la apelante inició pleito contra el Tesorero ante la Corte de Distrito de San Juan.

El demandado, Tesorero de Puerto Rico, radicó excepción previa a la demanda por distintos fundamentos. La corte sostuvo la excepción por un fundamento solamente, en la siguiente forma:

"La excepción de falta de jurisdicción por razón de la cuantía no puede prosperar. Se resolvió por nuestro Tribunal Supremo en el caso de *Calaf* v. *Gallardo,* 36 D.P.R. 147, que las cortes de distrito y no las municipales tienen jurisdicción, cualquiera que sea la cuantía, para conocer de acciones en cobro de contribuciones pagadas bajo protesta. No obstante la excepción de falta de jurisdicción por no haberse alegado el pago bajo protesta, debe prosperar. El Pueblo de Puerto Rico que de otro modo no hubiera podido ser demandado sin su expreso consentimiento, consintió ser demandado en acciones sobre devolución de contribuciones bajo determinadas condiciones. Una de éstas fué que el pago de la contribución se hubiese hecho bajo protesta. No apareciendo tal condición de la faz de la demanda, no puede sostenerse que exista el consentimiento para ser demandado y no existiendo tal consentimiento carece de jurisdicción la corte para entender del pleito."

Al dejar la demandante de enmendar, se dictó sentencia en su contra con fecha 23 de diciembre de 1932, y ella apeló.

Sería conveniente agregar que la solicitud para que se devolvieran las contribuciones fué hecha en 1928, y que la

negativa del Tesorero a devolver el saldo estaba fechada mayo 21, 1930, fecha en que el Tesorero devolvió gran parte de dichas contribuciones. Se presentó moción de reconsideración al Tesorero que fué declarada sin lugar el 24 de enero de 1933. No aparece que ninguna parte de estas contribuciones fuera pagada bajo protesta ni que se apelara de la decisión del Tesorero para ante la Junta de Revisión e Igualamiento.

La apelante sostiene que si bien de conformidad con el artículo 76 de la ameritada ley de 1925 debe apelarse para ante la Junta de Revisión e Igualamiento antes de poderse iniciar un litigio, tales disposiciones de ley son aplicables solamente a aquellos casos en que las contribuciones son pagadas bajo protesta, y aparentemente el Tesorero de Puerto Rico, por conducto de su abogado, acepta esta proposición. Bajo las circunstancias, la apelante insiste en que tiene derecho a entablar un litigio por la suma que alega fué indebidamente retenida por el Tesorero.

El Fiscal General de Puerto Rico sostiene que la ley era más o menos copia de una ley federal; que en los Estados Unidos el remedio mediante litigio fué claramente otorgado por el estatuto, mientras que en Puerto Rico la ley de 1925, y quizá aún leyes posteriores, guardan silencio sobre la cuestión litigiosa; a menos que los pagos sean efectuados bajo protesta.

El apelado aparentemente admite que de acuerdo con nuestras decisiones en los casos de *Serrallés* v. *Tesorero*, 30 D.P.R. 237, y *McCormick* v. *Bonner, Tesorero*, 44 D.P.R. 432, no había necesidad, bajo la ley de 1919, de pagar bajo protesta o de apelar para ante la Junta de Revisión e Igualamiento. Sostiene sin embargo que la ley de 1919 fué derogada por la de 1921, que suprimió el derecho a hacer reclamaciones independientes al Tesorero, pero que exigió que todos los pagos fuesen efectuados bajo protesta y concedió una apelación para ante la Junta de Revisión e Igualamiento. Con posterioridad a la ley de 1921, el derecho a acudir al Tesorero independientemente, quedó en suspenso, hasta que fué

aprobada la Ley No. 74 de 1925, supra. El Tesorero acepta que en un caso como el presente debería haber, de acuerdo con la ley, algún remedio, pero alega que el remedio mediante litigio no ha sido concedido. Sostiene que acciones de esta naturaleza no van dirigidas en realidad contra el funcionario, Tesorero, sino que en su esencia son acciones contra El Pueblo de Puerto Rico.

Ahora bien, la ley de 1919 (No. 80, pág. 613) otorgó directamente al contribuyente el derecho a entablar litigio al dejar el Tesorero de devolver las contribuciones, ora éstas hubiesen sido pagadas bajo protesta o no. La ley posterior de 1921 (No. 43, pág. 331) suprimió el derecho substantivo a acudir al Tesorero independientemente, mas surge la cuestión de si aquella parte de la ley que sometía al Tesorero a litigio fué igualmente derogada. En otras palabras, la Legislatura en 1919 dijo que el Tesorero podía ser demandado en .cobro de las contribuciones que hubiesen sido pagadas anteriormente por un contribuyente. La disposición final de la ley de 1921 derogó todas las leyes inconsistentes con la misma, pero la cuestión a resolver es si aquella parte de la ley que concedía el remedio, también fué derogada. Hemos llegado a la conclusión de que lo fué.

■■■ Es enteramente claro que desde 1921 hasta 1925 el Tesorero no estaba directamente autorizado a devolver contribuciones sobre ingresos, como lo había estado bajo la ley de 1919. El remedio substantivo otorgado por la última ley fué abrogado. Por tanto, puede decirse que el remedio mediante litigio también desapareció. Desde 1921 en adelante el pago bajo protesta era expresamente una condición precedente a la iniciación de un litigio. Si bien la ley de 1921 por sus propios términos no suprimió el derecho a demandar, ella estableció la forma en que podía obtenerse la devolución de las contribuciones. Y éste era el entendido general. Tenemos a la vista un cuadro demostrativo (*chart*) preparado por la Comisión Económica de la Legislatura que contiene las leyes que ahora están en vigor y en el mismo se omite

la ley de 1919. En general, si bien el período transcurrido no es muy grande, considerada la interpretación contemporánea, la ley de 1919 ya no está en vigor. De suerte que aunque la ley de 1925 concedió el derecho substantivo de apelar para ante el Tesorero, aun si las contribuciones no eran pagadas bajo protesta, ella no continuó en vigor ni revivió el remedio otorgado por la ley de 1919.

*Debe confirmarse la sentencia.*