Porto Rico Fertilizer Co., demandante y apelante, *v.* Manuel V. Domenech, Tesorero de Puerto Rico, demandado y apelado.

Núm. 6690.—*Sometido:* Febrero 18, 1936. *Resuelto:* Julio 23, 1936.

*J. Henri Brown, C. Ruiz Nazario, G. E. González, G. Benítez Gautier,*
*y W. L. Butte,* abogados de la apelante; *Hon. Procurador General*
*B. Fernández García y R. Cordovés Arana, Procurador General*
*Auxiliar,* abogados del apelado; *M. Acosta Velarde,* como *amicus*
*curiae* de la apelante.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Este es un caso sobre reintegro de contribuciones. La demandante, una corporación organizada de acuerdo con las leyes de esta isla, alega que durante los años 1924 a 1931 tomó a préstamo ciertas cantidades de dinero a la Virginia-Carolina Chemical Corporation, una corporación de Virginia que no tiene agente en esta isla; que los préstamos fueron acordados y hechos efectivos en Richmond, Virginia, y empleados fuera de Puerto Rico en la compra de materiales usados por la demandante en su negocio, y que tanto el principal como los intereses de dichos préstamos fueron pagados en Richmond por medio de giros sobre fondos depositados en Nueva York.

Expone entonces ocho causas separadas de acción. La primera, copiada a la letra, dice:

"6.—Que con fecha 20 de mayo de 1926 la demandante fué notificada por el Tesorero de Puerto Rico que dicho funcionario había fijado en la cantidad de $786.29 el montante de la contribución sobre ingresos pagadera por la Virginia-Carolina Chemical Corporation por concepto de los intereses pagados a ella por la demandante durante el período de julio a diciembre de 1924, por virtud de los préstamos descritos en el párrafo segundo de esta demanda; notificando a esta demandante al mismo tiempo que debía pagar dicha cantidad como agente retenedor de la mencionada Virginia-Carolina Chemical Corporation, y alega la demandante que con fecha 19 de junio de 1926 pagó dicha suma de $786.29 al Tesorero de Puerto Rico por el concepto arriba expresado."

Las restantes se refieren a los años 1925, 1926, 1927, 1928, 1929, 1930 y 1931, habiéndose verificado los pagos respectivamente en 1926, 1927, 1928, 1929, 1930, 1931 y 1932.

Sigue alegando que como ni la Virginia-Carolina Chemical Corporation ni los préstamos de que se trata tuvieron jamás un *situs* en Puerto Rico, el cobro de la contribución sobre ingresos ganados y recibidos fuera de Puerto Rico que se hizo fué ilegal; que de acuerdo con la sección 75 de la Ley núm. 74 de 1925 el Tesorero de Puerto Rico queda autorizado para devolver dichas contribuciones, y que en octubre 3, 1933, la demandante solicitó del Tesorero la devolución de las mismas y el Tesorero al día siguiente denegó la solicitud en cuanto a los pagos a que se refieren la primera, segunda, tercera, cuarta y quinta causas de acción fundándose en el inciso (*b*) de la sección 64 de dicha Ley núm. 74 de 1925, y el 30 del propio octubre de 1933 la denegó también con respecto a los pagos a que se refieren la sexta, séptima y octava causas de acción.

Solicitó sentencia ordenando el reintegro de las expresadas contribuciones con intereses a partir de la fecha en que fueron pagadas.

Excepcionó la demanda el demandado por falta de hechos suficientes para constituir una causa de acción, y la corte declaró con lugar la excepción con permiso a la demandante para enmendar su demanda.

Pidió reconsideración la demandante y sentencia sobre las alegaciones en el caso de que la reconsideración le fuera denegada. Sostuvo su criterio la corte de distrito y dictó sentencia declarando la demanda sin lugar. Y es contra esa sentencia que se interpuso el presente recurso de apelación. El señalamiento de errores, copiado a la letra, es como sigue:

"1.—Que la Corte de Distrito erró al resolver que la demanda no aduce hechos suficientes para constituir una causa de acción.

"2.—Que la Corte de Distrito de San Juan erró al resolver que la demandante ha debido apelar ante la Junta de Revisión e Igualamiento antes de hacer el pago de las sumas reclamadas, y/o que dicha demandante debió de haber pagado dichas contribuciones bajo protesta, y al resolver que no habiéndolo hecho así dicha demandante no tiene causa de acción.

"3.—Que la Corte de Distrito de San Juan erró al resolver que la demandante ha debido apelar ante la Junta de Revisión e Igualamiento contra las negativas del Tesorero de fechas octubre 4 y 30 de 1933, con relación a las reclamaciones de reintegro radicadas por la demandante con dicho funcionario, y al resolver que por no haberse tramitado tales apelaciones la demandante no tiene causa de acción."

En su alegato la demandante apelante admite que sus cinco primeras causas de acción han prescrito y se limita a argumentar su caso en cuanto a las causas sexta, séptima y octava. Presentó su alegato de oposición el Tesorero y celebrada la vista, el recurso fué resuelto por esta corte en noviembre 13, 1935, confirmando la sentencia apelada.

En la opinión emitida para fundar la sentencia, se expresó esta corte, en parte, como sigue:

"La Ley núm. 74 de 1925, que es de contribuciones sobre ingresos, vigente cuando los pagos objeto de esta apelación fueron hechos, faculta en su sección 75 al Tesorero para remitir, reintegrar y devolver toda contribución que aparezca injustamente impuesta o en cantidad excesiva o de cualquier manera erróneamente cobrada, imponiéndole el deber de informar a la Legislatura al empezar cada sesión ordinaria de todas las transacciones a que en esa sección se le autoriza.

"La misma ley en su sección 76 y bajo el epígrafe 'Limitación de pleitos y procedimientos entablados por el contribuyente' dispone en su apartado (a) que las resoluciones de la Junta de Revisión e Igualamiento serán finales sin perjuicio de su reconsideración con arreglo a la ley, y que el contribuyente deberá satisfacer bajo protesta toda la contribución que le haya sido impuesta dentro del plazo fijado, pudiendo interponer dentro de los treinta días siguientes al pago bajo protesta demanda contra el Tesorero de Puerto Rico ante la Corte de Distrito correspondiente. Ese plazo de treinta días fué ampliado por la Ley núm. 8 de 1927 a un año. El apartado (b) de dicha sección 76 dispone que ningún pleito o procedimiento será declarado con lugar por ningún tribunal, cuando fuere entablado para recuperar una contribución sobre ingresos o beneficios excesivos que se alegare fué impuesta o cobrada errónea o ilegalmente, o para recuperar cualquier penalidad pecuniaria que se alegare fué cobrada sin autoridad, o para recuperar cualquier suma que se considerare excesiva o erróneamente cobrada por cualquier motivo, hasta que

debidamente se haya presentado al Tesorero y en apelación ante la Junta de Revisión e Igualamiento una reclamación de reintegro o crédito, según lo establecido por la ley en ese sentido, y por los reglamentos dictados de acuerdo con dicha ley. El alcance de dichos apartados es que la contribución sobre ingresos debe ser pagada bajo protesta para poder reclamar su devolución, y el pleito contra el Tesorero establecido dentro de un año, pero que dicho procedimiento no será declarado con lugar por el tribunal a menos que habiéndose efectuado el pago bajo protesta se haya presentado al Tesorero y en apelación ante la Junta de Revisión e Igualamiento, antes o después de dicho año, una reclamación de reintegro. Ya hemos dicho antes que en el presente caso no se hizo el pago bajo protesta, como debió haberlo sido.

"Por otra parte, era necesaria la apelación por la apelante ante la Junta de Revisión e Igualamiento de la resolución del Tesorero que negó la devolución que se le pidió. Las palabras de la ley sobre apelación ante la Junta de Revisión e Igualamiento son bastante explícitas para concluir que concedieron una apelación ante la Junta. Tal apelación no fué hecha.

"Por no haberse hecho el pago bajo protesta y por no haber sido interpuesta apelación ante la Junta de Revisión e Igualamiento, la sentencia apelada debe ser confirmada."

Por las razones que expuso pidió la demandante a esta corte que modificara "la opinión dictada en este caso sosteniendo que la doctrina sentada en los casos de *American Colonial Bank of P. R.* v. *Gallardo* y *Soto Gras* v. *Domenech* no ha sido modificada en forma alguna; conformando la opinión y sentencia en este caso con la doctrina establecida en los mencionados casos, o haciendo la distinción correspondiente, si ello fuere posible, entre la doctrina establecida en este caso y la doctrina establecida en dichos otros casos, con el fin de evitar graves confusiones en cuanto a la interpretación de la ley y la jurisprudencia aplicables y para evitar graves perjuicios a contribuyentes que de buena fe hasta esta fecha han actuado y procedido en protección y defensa de sus derechos de acuerdo con lo resuelto por esta corte en los casos anteriormente citados."

Por resolución de enero 14 último la corte reconsideró su sentencia de noviembre 13, 1935, y señaló una nueva vista para febrero 18, 1936. Ambas partes sostuvieron sus respectivas posiciones e intervino en el caso como *amicus curiae* el abogado Mariano Acosta Velarde, quien sostuvo, en resumen, que en Puerto Rico "el contribuyente por ingresos tiene el derecho nacido al amparo de la Ley núm. 74 de 1925 y de su reglamento, a obtener el reintegro de lo indebidamente pagado, dentro de los cuatro años de pagada erróneamente una contribución de ingresos, mediante una petición de reintegro y la acción judicial correspondiente, aunque el pago no hubiere sido hecho bajo protesta."

Los hechos últimos a considerar para la resolución del recurso, son, pues, que la demandante en octubre 3, 1933, radicó ante el Tesorero demandado tres reclamaciones de reintegro de contribuciones sobre rentas que había pagado sin protesta en 1930, 1931 y 1932; que el Tesorero negó dichas reclamaciones en octubre 30, 1933, y en noviembre 3, 1933, la demandante recurrió de su negativa para ante la Corte de Distrito de San Juan.

Siendo ello así, como las contribuciones pagadas corresponden y los pagos de las mismas se hicieron con posterioridad al año 1925, el caso debe regularse por la Ley núm. 74 de 1925 (pág. 401).

La sección 75 de dicha ley autoriza al Tesorero para remitir, reintegrar y devolver todas las contribuciones errónea o ilegalmente impuestas o cobradas y las penalidades cobradas sin autoridad, y toda contribución que aparezca injustamente impuesta o en cantidad excesiva o de cualquier manera erróneamente cobrada.

La autorización no puede en verdad ser más amplia. El tesorero actúa por sí mismo. Es el llamado a juzgar los méritos de cada reclamación. Sólo se le impone por la propia sección 75 de la ley el deber de presentar un informe a la Legislatura de Puerto Rico al empezar cada sesión ordina-

ria de todas las transacciones que haya realizado en el ejercicio de la autorización.

Es el propio contribuyente el llamado a rendir su declaración sobre ingresos y, tan pronto como sea factible después de haberse radicado la declaración, el Tesorero de Puerto Rico la examinará y determinará el importe exacto de la contribución.

Si el contribuyente no incluye cantidad alguna que devengue contribución, o si no rinde declaración, la deficiencia será el montante por el cual la contribución excediere de las cantidades previamente tasadas. Al determinarla, el Tesorero deberá notificar al contribuyente y éste dentro de treinta días contados a partir de la fecha en que la notificación fuere depositada en el correo, podrá radicar una apelación ante la Junta de Revisión e Igualamiento alegando por escrito y bajo juramento los hechos y fundamentos legales en que se basa.

Si la junta resuelve en favor del contribuyente, no se le impondrá parte alguna de la deficiencia determinada por el Tesorero y desestimada por la junta, pudiendo el Tesorero dentro del término de un año entablar una acción en una corte de distrito de jurisdicción competente, sin tasación, para el cobro de cualquier parte de la cantidad así desestimada. Claro está que en dicho pleito tendrá el contribuyente oportunidad de defenderse, dictándose la resolución que proceda de acuerdo con los hechos y la ley.

Lo expuesto lo prescriben con mayores detalles las secciones 54, 56 y 57 de la ley. Véanse además las secciones 62 y 64.

Las resoluciones de la junta serán finales, prescribe la sección 76(a), debiendo el contribuyente satisfacer la contribución bajo protesta si quiere llevar su caso ante los tribunales de justicia.

Sigue disponiendo la sección 76 que los pleitos que así inicien los contribuyentes tendrán preferencia en los calendarios de las cortes, debiendo el demandado oponer a la vez

y en un solo escrito todas sus defensas y el caso señalarse rápidamente y resolverse en una sola vista.

Habla luego de la reconsideración ante la propia Junta y entonces ordena que:

"(b) Ningún pleito o procedimiento será declarado con lugar por ningún tribunal, cuando fuere entablado para recuperar una contribución sobre ingresos o beneficios excesivos que se alegare fué impuesta o cobrada errónea o ilegalmente, o para recuperar cualquier penalidad pecuniaria que se alegare fué cobrada sin autoridad, o para recuperar cualquier suma que se considerare excesiva o erróneamente cobrada por cualquier motivo, hasta que debidamente se haya presentado al Tesorero y en apelación ante la Junta de Revisión e Igualamiento una reclamación de reintegro o crédito, según lo establecido por la ley en ese sentido, y por los reglamentos dictados de acuerdo con dicha ley."

¿Quiere decir este apartado (b) que después de haber negado la reclamación el Tesorero y de haber confirmado la Junta su negativa hay que presentar una reclamación de reintegro y si el Tesorero la niega ir otra vez en apelación a la Junta para poder recurrir ante los tribunales de justicia?

Eso es lo que se desprende a primera vista de los términos mismos de la ley y eso fué lo que dijimos que procedía en la opinión que emitiéramos para fundar la sentencia que se dejó sin efecto por resolución de enero 14 último.

Sin embargo, una más detenida consideración del asunto nos lleva a concluir que no es posible que ésa fuera la intención del legislador. ¿A qué esa duplicidad? Si el Tesorero negó y la junta confirmó su negativa y el contribuyente pagó bajo protesta ¿para qué acudir nuevamente al Tesorero y sobre todo para qué apelar otra vez a la Junta?

Ya esta propia corte había dicho en el caso de *Am. Col. Bank of P. R.* v. *Domenech, Tesorero,* 43 D.P.R. 889, 891: "También estamos de acuerdo con el apelante en que, si después de acudir a la Junta de Revisión e Igualamiento, un contribuyente paga bajo protesta, no es necesario, luego de efectuado el pago, recurrir a dicha junta. La intención de la legislatura fué conceder causa de acción después del pago

bajo protesta.'' Sin embargo, al redactar la repetida opinión en este caso, pasó desapercibido lo que ya habíamos resuelto y fué al llamársenos la atención sobre ello que la reconsideración fué decretada y abierto el recurso para una nueva discusión y decisión de las cuestiones envueltas en el mismo.

Queda, pues, esclarecido que cuando el contribuyente no conforme con la contribución sobre rentas que le impone el Tesorero establece su reclamación ante dicho funcionario y obtiene una resolución contraria y apela para ante la junta que también resuelve su caso adversamente y paga bajo protesta, puede recurrir dentro del término de treinta días fijándole por la Ley núm. 74 de 1925, sección 76, párrafo primero, para ante los tribunales de justicia sin más trámites, esto es, sin tener que presentar petición de reintegro ante el Tesorero y acudir de nuevo a la Junta de Revisión e Igualamiento.

Bajo el estado actual de la ley, no encontramos que pueda el contribuyente sobre ingresos acudir a los tribunales de justicia sin pagar bajo protesta. Si dicho contribuyente no está conforme con la contribución, puede, dentro del término de treinta días de notificado, apelar a la Junta y obtener de ella que desestime en todo o en parte la deficiencia determinada por el Tesorero, tal como se prescribe en la sección 57 de dicha ley, y puede, si la resolución de la Junta le es adversa, pagar bajo protesta y acudir, dentro de los treinta días siguientes al pago, a los tribunales de justicia, ejercitando el derecho que le reconoce la sección 76 de la repetida ley de 1925. Puede además, aunque no hubiere pagado bajo protesta, si estima que la contribución se le impuso o cobró errónea o ilegalmente, y es injusta o excesiva, acudir al Tesorero y pedirle que usando de la autoridad que le concede el artículo 75 de la ley, le remita dicha contribución reintegrándole lo que hubiere pagado por ella, pero si la resolución del Tesorero le fuere adversa, no puede apelar de la misma para ante los tribunales de justicia.

La no existencia del recurso para ante los tribunales cuando no se paga bajo protesta, es cuestión que ya resolvió

este propio tribunal en el caso de *Compañía Agrícola de Cayey* v. *Domenech, Tesorero,* 47 D.P.R. 535, 539, como sigue:

"Es enteramente claro que desde 1921 hasta 1925 el Tesorero no estaba directamente autorizado a devolver contribuciones sobre ingresos, como lo había estado bajo la ley de 1919. El remedio substantivo otorgado por la última ley fué abrogado. Por tanto, puede decirse que el remedio mediante litigio también desapareció. Desde 1921 en adelante el pago bajo protesta era expresamente una condición precedente a la iniciación de un litigio. Si bien la ley de 1921 por sus propios términos no suprimió el derecho a demandar, ella estableció la forma en que podía obtenerse la devolución de las contribuciones. Y éste era el entendido general. Tenemos a la vista un cuadro demostrativo (*chart*) preparado por la Comisión Económica de la Legislatura que contiene las leyes que ahora están en vigor y en el mismo se omite la ley de 1919. En general, si bien el período transcurrido no es muy grande, considerada la interpretación contemporánea, la ley de 1919 ya no está en vigor. De suerte que aunque la ley de 1925 concedió el derecho substantivo de apelar para ante el Tesorero, aun si las contribuciones no eran pagadas bajo protesta, ella no continuó en vigor ni revivió el remedio otorgado por la ley de 1919."

Las decisiones de *Serrallés* v. *Tesorero,* 30 D.P.R. 237 y *McCormick* v. *Bonner,* 44 D.P.R. 432 que invoca el *amicus curiae,* no tienen aplicación porque se basan en la ley derogada de 1919.

Bajo cualquier aspecto, pues, que el caso se considere, debe confirmarse la sentencia recurrida.

▮ Aquí daríamos por terminada esta opinión a no haberse levantado y discutido ampliamente la influencia que puede y debe tener en la decisión de este caso lo resuelto por esta corte en los de *American Colonial Bank* v. *Domench, Tesorero,* 43 D.P.R. 889 y *Soto Gras* v. *Domenech, Tesorero,* 45 D.P.R. 940.

El primero de dichos casos fué ya citado y aplicado con aprobación sobre el extremo de no estar obligado el contribuyente que ya ha reclamado ante el Tesorero, apelado ante la junta y pagado bajo protesta, a presentar una reclamación

de reintegro al Tesorero y apelar a la junta nuevamente para poder llevar su caso ante los tribunales de justicia. Pero no es ése el extremo que debemos ahora considerar, sino el siguiente:

No obstante tratarse de un caso de contribución sobre ingresos resolvió esta corte que de acuerdo con la Ley núm. 8 de 1927 (pág. 123) disponiendo el pago de contribuciones bajo protesta, el término que tenía el contribuyente para entablar su pleito era el de un año y agregó:

"La sección 3 de la Ley núm. 8 proveyó una forma de pago y un derecho de acción que eran prospectivos y excluían los medios anteriores. De suerte que una ley anterior disponiendo la radicación de la demanda dentro de treinta días de haber actuado la Junta de Revisión e Igualamiento, fué necesariamente derogada." *Am. Col. Bank* v. *Domenech,* 43 D.P.R. 890, 891.

No hay duda de que el tribunal se estaba refiriendo al apartado (*a*) de la sección 76 de la Ley núm. 74 de 1925.

En el segundo caso, o sea en el de Soto Gras, supra, esta corte se expresó en parte, como sigue:

"Después de emitida nuestra opinión en el caso de epígrafe, el apelante, El Pueblo de Puerto Rico, presentó una moción de reconsideración. Esta moción fué oída debidamente y está ahora ante nos. Toda vez que otras cuestiones han sido discutidas suficientemente o resueltas en nuestra opinión original o en otra jurisprudencia de esta corte, la única cuestión que debe considerarse es si la Corte de Distrito de San Juan carecía de jurisdicción por ser la cuantía que el demandante trataba de recobrar menor de $500 y porque el pleito debió haberse radicado en una corte municipal. El gobierno basa su contención en el hecho de que la sección 76 de la Ley núm. 74 de 1925 (pág. 401), de acuerdo con nuestra opinión en el caso de *American Colonial Bank* v. *Tesorero,* 43 D.P.R. 889, ha sido derogada por la Ley núm. 8 de 1927 (pág. 123) en lo que al procedimiento de pagos bajo protesta se refiere. De conformidad con la ley de 1925 era claro que el contribuyente tenía que radicar su demanda en una corte de distrito. Sin embargo, si esa ley fué derogada, las disposiciones generales del derecho eran aplicables. Asumiremos por el momento que hasta 1925 un contribuyente tenía que radicar reclamación sobre devolución de contribuciones que ascendieran a

menos de $500 en una corte municipal. Lo que resolvimos en el caso de American Colonial Bank v. Tesorero, supra, fué que las cuestiones de procedimiento prescritas en la ley de 1925 habían sido abrogadas por la ley de 1927. No estábamos tratando de la cuestión de jurisdicción. Por consiguiente, estamos inclinados a convenir con la contención del apelado y con la sugestión del apelante de que ambas leyes podían coexistir con respecto a la cuestión de jurisdicción si la ley más reciente no demostraba la intención de otorgar jurisdicción a la corte municipal. Si ambas leyes pueden subsistir, entonces la intención de la Legislatura de exigir a un contribuyente que acuda a una corte de distrito era enteramente clara en la ley de 1925.''

Se insistió en que la corte de distrito tenía jurisdicción.

Ambas decisiones fueron aceptadas y aplicadas por la Corte de Circuito de Apelaciones del Primer Circuito como resolutorias de que la sección 76 de la Ley núm. 74 de 1925 había sido derogada por la Ley núm. 8 de 1927, expresándose dicha corte en el caso de *Domenech* v. *Verges,* 69. F. (2d) 714, 716, así:

''Los letrados del apelante sostienen que la ley núm. 8 de 1927, para recobrar contribuciones pagadas bajo protesta, no es aplicable a la devolución de contribuciones sobre ingresos pagadas bajo protesta; que ella sustituyó una ley general aprobada con anterioridad a la fecha en que se fijaron las contribuciones sobre ingresos; y que, si bien dicha ley derogó expresamente la Ley núm. 9, de junio 23, 1924, así como la Ley núm. 84, de agosto 20, 1925, que proveen generalmente la forma de recobrar contribuciones pagadas bajo protesta, toda vez que la misma no se refirió expresamente a la ley de contribuciones sobre ingresos de 1924, aprobada el 6 de agosto de 1925, en su sección derogatoria, ella no debe ser interpretada en el sentido de que deroga o modifica el artículo 76 (*a*) ó (*b*) de dicha ley relativa a la devolución de contribuciones sobre ingresos pagadas bajo protesta, aunque la misma derogó toda ley o parte de ley que a ella se opusiera.

''Sin embargo, la Corte Suprema de Puerto Rico en el caso de *American Colonial Bank of Porto Rico* v. *Juan G. Gallardo,* 43 D. P.R. 889, resolvió en julio 26, 1932, y en el caso de *F. Soto Gras.* v. *Domenech, Tesorero,* en una opinión emitida el 20 de diciembre de 1933, en reconsideración, que la forma de procedimiento fijada para la devolución por el artículo 76 de la Ley de Contribuciones sobre

Ingresos de 1924, de contribuciones sobre ingresos pagadas bajo protesta, fué derogada por la Ley núm. 8 de 1927.

"La interpretación dada a las leyes locales por la Corte Suprema de Puerto Rico, a no ser claramente errónea, es seguida por este tribunal. La corte insular está en mejor posición que nosotros para interpretar la intención de la legislatura local, y nos inclinamos a seguir su interpretación en este caso. *D. Villanueva* v. *Villa,* 239 U. S. 293, 298, 299, 36 S. Ct. 109, 60 L. Ed. 293; *Cardona* v. *Quiñones,* 240 U. S. 83, 88, 36 S. Ct. 346, 60 L. Ed. 538; aunque creemos que la Ley núm. 8 de 1927 puede estar sujeta a otra interpretación razonable."

Si esa interpretación subsiste, todo cuanto dejamos dicho y resuelto en esta opinión aplicando la sección 76 de la Ley núm. 74 de 1925, caería por su base.

Nos damos cuenta de la dificultad de la situación, pero un estudio detenido y concienzudo del problema nos obliga a resolverlo en sentido contrario a como fué resuelto en el repetido caso de American Colonial Bank, supra, confirmado, pero en verdad no seguido con todas sus consecuencias en el de Soto Gras, supra, ya que se terminó por aplicar la regla de jurisdicción fijada en la ley especial y no en la general.

Los motivos que tenemos para llegar a la conclusión expuesta son que la Ley núm. 74 de 1925 es una ley especial, completa, sobre una determinada contribución, la de ingresos, perfectamente articulada, que debe prevalecer sobre la ley general sobre pleitos en casos de contribuciones pagadas bajo protesta, especialmente cuando esa ley general contiene una cláusula derogatoria que dice:

"Sección 6.—Queda derogada la Ley No. 9, de junio 23, 1924, y la Ley No. 84 de 20 de agosto de 1925, así como también toda ley o parte de ley que se oponga a la presente; *Disponiéndose,* que toda acción, procedimiento o derecho nacido al amparo de las leyes que por la presente se derogan, se continuarán protegidos por los preceptos de las mismas, hasta su terminación." Leyes de 1927, p. 125.

Las leyes expresamente derogadas, o sean, la núm. 9 de 1924, y la núm. 84 de 1925, eran también leyes de carácter general como lo eran la núm. 17 de 1920 derogada por la núm.

9 de 1924 y la núm. 35 de 1911—la primera sobre la materia— que fué derogada por la núm. 17 de 1920.

Vigente el sistema general sobre autorización de pleitos en casos de contribuciones pagadas bajo protesta, comenzaron a aprobarse las leyes especiales de contribución sobre ingresos completas en sí mismas siendo el claro propósito del legislador el que ambas subsistieran dentro de su propia esfera de acción. Si alguna duda pudiera quedar, desaparecería por el acto de la propia legislatura en este mismo año de 1936 enmendando la repetida sección 76 de la Ley núm. 74 de 1925 para agregarle el siguiente disponiéndose: *Disponiéndose*, que una vez resuelto el caso en primera reconsideración, no se admitirá ningún otro recurso ante la junta, con excepción de lo dispuesto en el apartado (*b*) de esta misma sección'', lo que implica que tuvo por vigente dicha sección, no obstante la ley general que enactó en 1927 sobre pago de contribuciones bajo protesta. Véanse los casos de *Kessler* v. *Domenech, Tesorero,* 49 D.P.R. 196 y *Sucesión Puente* v. *El Pueblo,* 19 D.P.R. 557.

*Por virtud de todo lo expuesto, debe el recurso declararse sin lugar y confirmarse la sentencia apelada.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.