DOMINGO VELASCO & Co., demandante, apelada y apelante, *v.* RAFAEL SANCHO BONET, TESORERO DE PUERTO RICO, demandado, apelante y apelado.

Núm. 7007.—*Sometido:* Abril 17, 1936. *Resuelto:* Febrero 26, 1937.

*Hon. Procurador General B. Fernández García y R. Cordovés Arana,
Procurador General Auxiliar,* abogados del apelante y apelado;
*J. J. Ortiz Alibrán,* abogado de la apelada y apelante.

El Juez Asociado Señor Córdova Dávila emitió la opinión del tribunal.

La demandante, Domingo Velasco & Co., rindió una declaración de ingresos por el período contributivo comprendido entre 30 de octubre de 1926 y 13 de enero de 1928, declarando un ingreso neto montante a $4,118.81. Como la ley le concede una deducción de $5,000, de acuerdo con esta declaración la sociedad referida no tuvo que satisfacer contribución alguna. No obstante, en 2 de agosto de 1928 el Tesorero de Puerto Rico le impuso una contribución por deficiencia montante a $980.21, tomando en cuenta su ingreso neto durante el período comprendido entre 30 de octubre de 1926 y 31 de octubre de 1927. Por el período restante, o sea hasta el 13 de enero de 1928, estimó el Tesorero que la demandante había sufrido una pérdida neta.

Esta actuación del Tesorero fué confirmada por la Junta de Revisión e Igualamiento, ante la cual acudió en alzada la sociedad mencionada. La referida contribución, ascendente

a $1,284.64, incluyendo los recargos por no haberse satisfecho oportunamente, fué pagada bajo protesta.

Para reclamar dicha suma se inició la presente acción. Se alega que el Tesorero no dedujo del ingreso que tuvo la demandante durante el período comprendido entre octubre 30, 1926, y octubre 31, 1927, los sueldos pagados a sus empleados y que por el contrario dedujo la totalidad de esos sueldos del ingreso de los dos meses y días restantes.

Se hace la misma alegación con respecto a una deuda que aparece consignada en los libros como no cobrable en 15 de enero de 1928.

La corte de distrito declaró con lugar la demanda en cuanto a los sueldos, y sin lugar en cuanto a la cuenta no cobrable, ascendente a $6,345.56. Concedió intereses legales desde la fecha en que se hizo el pago bajo protesta. No conformes con la sentencia de la corte *a quo* ambas partes apelaron para ante este tribunal: la demandante por el pronunciamiento de la corte inferior en cuanto a la suma declarada como no cobrable, y el demandando en cuanto a los pronunciamientos que se relacionan con los sueldos de los empleados y con los intereses.

██ Es cierto que los sueldos que se le pagaron a los empleados durante el año en que se impuso la contribución aparecen consignados en los libros de la demandante en el mes de enero de 1928; pero ya esta corte ha resuelto que las entradas en los libros no son terminantes y que la determinación del ingreso neto tributable descansa en hechos ciertos y no en teorías, tecnicismos o entradas en libros de contabilidad. *Loíza Sugar Co.* v. *Domenech*, 44 D.P.R. 556.

En el presente caso se demostró que los servicios se prestaron y que los sueldos se devengaron y pagaron durante todo el año contributivo. No importa que tales sueldos se cargasen en los libros en el año 1928. La verdad es que se prestaron servicios durante el período comprendido entre octu-

bre 30 de 1926 y octubre 31 de 1927, y que la deducción de los sueldos de los empleados debió hacerse en el período en que esos servicios fueron prestados.

En cuanto a los intereses, sostiene el Tesorero que no debieron concederse desde la fecha del pago bajo protesta de la contribución ilegalmente cobrada, sino desde el momento en que se radicó la demanda. Esta alegación está basada en la Ley núm. 8 de 19 de abril de 1927 (pág. 123), que trata en términos generales sobre el pago bajo protesta. Dispone esta ley que los intereses se deben computar desde la fecha de la radicación de la demanda. La demandante, por el contrario, cita el artículo 79 de la Ley núm. 74 de 1925 (pág. 401), que trata específicamente de las contribuciones sobre ingresos y dispone que los intereses se pagarán desde la fecha en que se satisfizo la contribución ilegalmente cobrada. La obligación de satisfacer intereses es un precepto de carácter sustantivo. A nuestro juicio, debe aplicarse en este caso la ley especial de 1925, que dispone que los intereses se abonarán y pagarán desde la fecha en que la contribución fuese pagada. Véase *P. R. Fertilizer Co.* v. *Domenech, Tesorero,* 50 D.P.R. 405.

Hemos resuelto los dos errores atribuídos a la corte inferior por la parte demandada. Pasamos ahora a resolver el recurso interpuesto por la demandante.

Se alega que la corte inferior incurrió en error al no dictar pronunciamiento alguno sobre la cuenta de Miguel Ocejos en cuanto a si debía deducirse en el período de doce meses o en el período de dos y medio meses, y al no deducir del ingreso bruto en el período de doce meses comprendido entre noviembre 1°., 1926, y octubre 31, 1927, la referida cuenta de Miguel Ocejos.

La prueba de la demandante demuestra claramente que la referida cuenta se consideró perdida durante el año 1926, y que no obstante se hizo una entrada en los libros reduciendo dicha cuenta en un 25 por ciento.

El testigo Luis Menoyo, contable de la firma demandante, declaró "que en el año 1926, a principio del año, al cerrarse los libros, la cuenta de Miguel Ocejos, que montaba a $8,460.75 en aquel año, estaba perdida completamente, porque ya no existía la casa comercial de Miguel Ocejos, y se decidió echar un 25 por ciento a las pérdidas de las cuentas y por eso es. que aparece luego con $6,300."

La declaración de este testigo, producida por la propia demandante, demuestra que para el año 1926, al cerrarse los libros de la sociedad, esta cuenta fué considerada completamente perdida. La única explicación ofrecida por el contable de la demandante para no haber echado a ganancias y pérdidas la referida cuenta al cerrarse los libros a principios de 1926, es que "no se quería que apareciera un inventario. tan raquítico en ese año." A raíz de ofrecer esta explicación dice el testigo que cuando se hizo el inventario de ese año, ya Miguel Ocejos era un deudor insolvente y que la firma en esa época consideró la cuenta como incobrable.

En nuestro sentir, si ésta era la verdad, la referida cuenta debió haber sido eliminada de los libros en aquella fecha. Sostiene la demandante que el Tesorero está impedido de. oponerse a la inclusión del 75 por ciento de la cuenta en el próximo año contributivo por haber aceptado la referida deducción. El Tesorero, a nuestro juicio, no está obligado a investigar si una cuenta vale más o menos de lo que alega el contribuyente, ya que tiene que suponer que el propio contribuyente tendría interés en excluir toda la cuenta, a menos que tenga algún propósito especial para arrastrarla, estando completamente perdida, por varios años en sus libros. La explicación que ofrece la demandante para justificar su actuación no resulta satisfactoria. No es posible admitir que un contribuyente pueda reservarse una cuenta totalmente perdida, sin declararla en un año determinado, para evitar que el balance del negocio aparezca "raquítico". El contribuyente no puede determinar a su arbitrio el año en que ha de deducir las deudas que carecen en absoluto de valor. Su

deber es hacerlo en la fecha en que esa cuenta se considere incobrable. El Tesorero, al aceptar la deducción, partió de la base de que la demandante le estaba diciendo la verdad, es decir, que el valor de la cuenta había sido reducido en un 25 por ciento en la fecha en que se hizo la declaración. Si más tarde se demuestra que no fué ésa la realidad, es decir, que esa cuenta había perdido por completo su valor en los momentos de hacerse la deducción parcial, el hecho de que el Tesorero haya confiado en la buena fe del contribuyente y en la veracidad de la información, no puede considerarse como una aceptación de carácter obligatorio para dicho funcionario público. No consiente el Tesorero, asumiendo, sin aceptarlo, que pudiese consentir, cuando en virtud de una información errónea acepta la deducción parcial de una cuenta que según la prueba del propio contribuyente, practicada dos años más tarde, resulta que se consideraba totalmente perdida en la fecha en que se hizo esa deducción parcial.

En el caso de *Avery* v. *Commissioner*, 22 F. (2d) 6, la Corte de Circuito de Apelaciones del Quinto Circuito se expresó así:

"La Ley de Rentas de 1918 (40 Stat. 1057), que rige en el presente caso, permite que el contribuyente, al computar su ingreso neto, deduzca las deudas que resultan incobrables y que se hayan eliminado durante el año contributivo. La interpretación razonable de la ley es que para poder conseguir la deducción de deudas incobrables, éstas deben ser eliminadas en los libros dentro del año en que se tiene conocimiento que no tienen valor. Se presume que un individuo sabe lo que una persona razonable debería saber de los hechos que tiene ante su consideración. No debe permitirse que un contribuyente cierre los ojos ante lo obvio, y que lleve en sus libros, como buenas, cuentas que en realidad no tienen valor, y deducirlas entonces en un año subsiguiente a aquél en que debe presumirse que tuvo conocimiento de que eran incobrables. El hacerlo así le permitiría dejar de hacer deducciones en sus años menos prósperos, cuando éstas tendrían poco efecto en reducir sus contribuciones, y entonces, en cualquier tiempo posterior, acumularlas con detrimento al fisco. Esto invalidaría el fin y propósito que persigue la ley."

*Debe confirmarse la sentencia apelada.*