Porto Rico Fertilizer Co., demandante y apelante, *v.* Manuel V. Domenech, Tesorero de Puerto Rico, demandado y apelado.

Núm. 6690.—*Sometido:* Noviembre 2, 1936. *Resuelto:* Febrero 26, 1937.

*J. Henri Brown, C. Ruiz Nazario, G. E. González, G. Benítez Gautier* y *W. L. Butte,* abogados de la apelante; *Hon. Procurador General B. Fernández García* y *R. Cordovés Arana, Procurador General Auxiliar,* abogados del apelado; *M. Acosta Velarde,* como *amicus curiae* de la apelante.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Se ha solicitado la reconsideración de la sentencia dictada en este caso el 23 de julio de 1936 (50 D.P.R. 405).

Parece conveniente recordar que este recurso se resolvió primeramente por sentencia de noviembre 13, 1935, confirmando la apelada y que fué la propia parte apelante la que pidió a esta corte que modificara "la opinión dictada en este caso sosteniendo que la doctrina sentada en los casos de *American Colonial Bank of P. R.* v. *Gallardo,* y *Soto Gras* v. *Domenech* no ha sido modificada en forma alguna; conformando la opinión y sentencia en este caso con la doctrina establecida en los mencionados casos, o haciendo la distinción correspondiente, si ello fuere posible, entre la doctrina establecida en este caso y la doctrina establecida en dichos otros casos, con el fin de evitar graves confusiones en cuanto a la interpretación de la ley y la jurisprudencia aplicables y para evitar graves perjuicios a contribuyentes que de buena fe hasta esta fecha han actuado y procedido en protección y defensa de sus derechos de acuerdo con lo resuelto por esta corte en los casos anteriormente citados."

Dándose cuenta de la necesidad que existía de fijar una regla clara, definitiva, sobre el particular, fué que la corte decidió reconsiderar como reconsideró su dicha sentencia de noviembre 13, 1935, y oír de nuevo a las partes como las oyó ampliamente por escrito y oralmente, oyendo además al *amicus curiae* Mariano Acosta Velarde.

Y fué a virtud de ese detenido estudio por parte de los abogados y la corte que ésta se confrontó al fin con la cuestión ineludible de un precepto de ley escrito en vigor al que debería darse eficacia. A ello se reduce en último análisis

toda la larga opinión de que ahora se queja la apelante. Fué a su propia instancia que la cuestión quedó definitivamente esclarecida, a fin precisamente de que no continuaran causándose los perjuicios a que se refiere la dicha parte apelante en su moción de reconsideración.

Nos dimos cuenta de la dificultad del problema al encontrarlo resuelto en sentido contrario por la Corte de Circuito de Apelaciones del Primer Circuito, y así lo expusimos en la indicada opinión. 50 D.P.R. 405, 417.

Sostiene ahora la parte apelante que la decisión de la Corte de Circuito constituye una regla de *stare decisis* que debe ser aceptada y seguida. Así podría ser pero no lo es a nuestro juicio bajo las circunstancias que concurren.

En primer lugar el tiempo transcurrido es muy breve para que surja una regla de *stare decisis* inatacable, en segundo lugar la Corte de Circuito actuó siguiendo las decisiones de esta propia Corte Suprema en una forma que no revela convicción propia sino deferencia al tribunal local, y en tercer lugar se trata de una cuestión de ley escrita que una vez depurada no admite interpretación. Los tribunales no tienen la potestad de legislar.

*Debe negarse la reconsideración solicitada.*