RAMÓN MORÁN & Co., peticionaria, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. C. LLAUGER DÍAZ, JUEZ, demandada.

Núm. 1186.—*Sometido:* Enero 8, 1940. *Resuelto:* Abril 18, 1940.

*C. Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados de la peticionaria; *Hon. Procurador General George A. Malcolm (Enrique Campos del Toro, Procurador General Interino,* en el alegato) y *M. Rodríguez Ramos, Procurador General Auxiliar,* abogados del Interventor, El Pueblo de Puerto Rico, demandante en el pleito principal.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

### EN MOCIONES DE RECONSIDERACIÓN

Éste es un caso de *certiorari* resuelto en noviembre 22, 1938, en que interviene El Pueblo de Puerto Rico. *Ramón Morán & Co.* v. *Corte,* 55 D.P.R. 637.

En noviembre 29, 1939, el interventor pidió a esta corte que reconsiderara su decisión y amplió su petición el 11 de diciembre siguiente. Se fundó en que habiéndose resuelto el caso de *Porto Rico Fertilizer Co.* v. *Domenech,* 50 D.P.R. 405, el 23 de julio, 1936, lo en él decidido con respecto al funcionario a quien correspondía iniciar el pleito que autoriza la sección 57(*b*) de la Ley núm. 74 de 1925 (pág. 401, 515), constituía la ley a que tenía que ajustarse el Tesorero al radicar su demanda contra la peticionaria, de acuerdo con la jurisprudencia establecida en el caso de *A. Cuesta & Cía.* v. *Sancho, Tesorero,* 54 D.P.R. 87, y en que un estudio de la propia ley núm. 74 de 1925 demuestra que estuvo acertada esta corte en el dicho caso de *Porto Rico Fertilizer* v. *Domenech,* supra, al resolver que era el Tesorero de Puerto Rico el que debía demandar ante las cortes el cobro de la contribución de que se trata, motivo por el cual no debió rectificar sí que ratificar su criterio. Oída la peticionaria, se opuso por escrito. Su oposición razonada revela un amplio y cuidadoso estudio.

La cuestión de si correspondía al Tesorero de Puerto Rico iniciar el pleito que autoriza la sección 57(*b*) de la Ley núm. 74 de 1925 no era la fundamental a resolver en el caso de *Porto Rico Fertilizer Co.* v. *Domenech, Tesorero,* supra. Lo allí indicado fué una mera manifestación que se hizo en el curso de la opinión, una conclusión a que se llegó sin haberse el particular discutido siquiera entre las partes, y el alcance que debe darse a tales expresiones del criterio judicial lo fija la Corte Suprema de los Estados Unidos en el caso de *Cohens* v. *Virginia,* 6 Wheat. 264, 399. Al emitir la

opinión de la Corte su Juez Presidente Sr. Marshall, se expresó así:

"Es máxima establecida que no debe ser ignorada el que las manifestaciones de carácter general que se insertan en cualquier opinión, deben ser consideradas en relación con el caso en el cual son hechas tales manifestaciones generales. Si van más allá del caso, pueden ser respetadas, pero no deben determinar la sentencia de una acción subsiguiente, cuando el mismo punto es sometido para ser resuelto. La razón de esta máxima resulta obvia. La cuestión que en realidad se halla ante la corte es investigada cuidadosamente y considerada en toda su extensión. Otros principios que pueden servir para ilustrarla son considerados en su relación con el caso decidido, pero su posible relación con todos los otros casos es rara vez totalmente investigada."

█ En cuanto al segundo fundamento, debemos decir que el ulterior estudio de la ley a la luz de la jurisprudencia que hemos hecho lo que demuestra es que la cuestión al ser resuelta como la fundamental en este caso de *certiorari,* lo fué correctamente.

Se hace gran fuerza por el interventor en la semejanza que existe entre los preceptos de la ley insular de contribución sobre ingresos—núm. 74 de 1925—y la federal sobre la materia y en que en los reglamentos dictados por las autoridades administrativas para la ejecución de las mismas se asigna al Tesorero de la isla y al Comisionado de Rentas Internas federal respectivamente el deber de entablar el pleito.

Sin embargo, no obstante ser ello así y no obstante haberse enmendado luego la propia ley federal de 1924 en lo pertinente, como sigue: "El Comisionado podrá, dentro del año a partir de la fecha en que la decisión se rinda, comenzar un procedimiento en corte para el cobro de cualquier parte del montante no concedido por la junta (Sección 283(*j*) de la Ley de Rentas de 1926, 44 Stat. 63)", la Corte de Circuito de Apelaciones del Octavo Circuito, en el caso de *St. Louis Union Trust Co.* v. *United States,* 82 F. (2d) 61, resolvió:

"¿Fué la acción debidamente instituída a nombre de los Estados Unidos?

"La acción fué iniciada de acuerdo con el artículo 283 (j) de la Ley de Rentas Internas (*Revenue Act*) de 1926, 44 Stat. 63, que contiene las siguientes palabras: 'El Comisionado podrá, dentro de un año a contarse desde el día en que se emita el fallo, comenzar un procedimiento en corte para el cobro de cualquier parte de la cantidad no concedida por la junta.' La apelante alega que este contexto requiere que la acción sea entablada a nombre del Comisionado. Creemos que esta contención es insostenible. Las palabras citadas meramente autorizan al Comisionado para instruir un procedimiento en corte para el cobro de la cantidad.

"El artículo 919 de los Estatutos Revisados (28 U.S.C.A., sección 732) es pertinente. Establece: 'Artículo 919.—Todas las acciones entabladas para recobrar derechos, impuestos o contribuciones o para poner en vigor cualquier penalidad o confiscación provista por alguna ley con respecto a importaciones o ·tonelaje o sobre el registro e inscripción o matrícula y concesión de licencia de embarcaciones, o a las rentas internas o a los impuestos directos, y toda acción proveniente de las leyes postales, deberán entablarse a nombre de los Estados Unidos.'

"Los artículos 3213 y 3214 de los Estatutos Revisados (26 U.S. C.A. No. 1640, 1644, 1645 (a, c)) son aplicables por analogía. El último de ellos lee en parte como sigue: 'Artículo 3214.—Ninguna acción para recobrar impuestos, o alguna multa, penalidad, o confiscación será entablada a menos que el Comisionado (de Rentas Internas) autorice o sancione los procedimientos. 26 U.S.C.A., sección 1640.'

"Este último artículo, a nuestro juicio, expresa el claro propósito de la segunda oración del artículo 283 (j).

"Además, el Comisionado no era la parte realmente interesada; él no era, bajo dicho artículo, un funcionario dedicado al cobro. Era simplemente una especie de inspector para determinar la necesidad del litigio. Véanse *U. S.* v. *Gordin* (D. C.) 287 F. 565; *Attorney General* v. *Rumford Chemical Works* (C. C.) 32 F. 608, 623.

"El artículo 283 (j) no modificó la ley general que exige que los pleitos para el cobro de contribuciones sean iniciados a nombre de los Estados Unidos. El artículo simplemente conservó los respectivos derechos existentes del contribuyente y del Gobierno.

"Resolvemos que la acción fué debidamente instituída a nombre de los Estados Unidos."

*Las mociones de reconsideración del interventor deben pues declararse sin lugar.*