PEDRO B. JESÚS, demandante y apelante, *v.* JUAN G. GALLARDO, TESORERO DE PUERTO RICO, demandado y apelado.

No. 3614.—*Visto:* Mayo 26, 1925. *Resuelto:* Julio 8, 1925.

CONTRIBUCIONES—PAGO Y DEVOLUCIÓN O RECOBRO DE CONTRIBUCIONES PAGADAS— RECLAMACIÓN DE CONTRIBUCIONES PAGADAS BAJO PROTESTA—ACCIÓN Y PROCEDIMIENTO—JURISDICCIÓN.—La jurisdicción de los tribunales en casos de reclamaciones para obtener la devolución de contribuciones pagadas bajo protesta se determina por razón de la cuantía envuelta.

SENTENCIA de *Pablo Berga,* J. (Humacao), declarando sin lugar la demanda, sin costas. *Modificada.*

*Antonio L. López,* abogado del apelante; *Hon. Attorney General* y *C. Llauger Díaz,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Pedro B. Jesús interpuso demanda ante la Corte de Distrito de Humacao, reclamando la devolución de $195.53 por concepto de contribuciones que pagó bajo protesta al Tesorero de Puerto Rico.

La parte demandada apelada levantó en la corte *a quo* la cuestión de jurisdicción, alegando que dicha corte carecía de jurisdicción original por razón de la cuantía envuelta. Esta alegación fué desestimada si bien la demanda fué declarada sin lugar por otros fundamentos.

Sin embargo, la cuestión de jurisdicción suscitada y en la que la apelada insiste en su alegato, es primordial y de vital importancia en este caso.

En 9 de marzo de 1911 (p. 132), la legislatura aprobó por primera vez una ley autorizando un procedimiento para exigir la devolución de contribuciones pagadas bajo protesta y por la sección 3 (Comp. 2991) disponía que la reclamación se presentaría "ante la corte de jurisdicción competente."

Esta ley fué objeto de interpretación en relación con la Ley No. 76, aprobada en abril 13 de 1916 (p. 155) para autorizar demandas contra El Pueblo de Puerto Rico en los casos de *Saurí y Subirá* v. *Sepúlveda, Juez de Distrito,* 25 D.P.R. 242, y *Serrallés* v. *Tesorero de Puerto Rico,* 30 D. P.R. 237. En ninguno de estos casos que cita la corte inferior se declaró que la ley de 1911 fuera derogada por la de 1916. Se declaró más bien que las dos leyes coexistían independientemente y tenían vida propia.

Luego, en marzo 13 de 1920 (p. 125) se aprobó la Ley No. 17, autorizando el procedimiento administrativo y judicial respecto de las contribuciones pagadas bajo protesta y derogar la ley de 9 de marzo de 1911. Se disponía por la sección 2 que el contribuyente tenía que presentar su reclamación dentro del plazo fijado, "ante la corte de distrito que corresponda", separándose en eso de lo que prescribía la ley de 1911. La disposición era clara: ella cambiaba, por el significado literal de sus palabras, el sentido de la ley anterior, designando exclusivamente a las cortes de distrito para conocer de las demandas sobre contribuciones pagadas bajo protesta, sin atender a la cuantía. Pero últimamente la Ley No. 9 de 1924 (p. 71) por la que se rige el presente caso, restableció lo que prescribía la primitiva ley, a cuyo efecto la sección 4, dice:

"Sección 4.—El contribuyente que haya pagado el todo o parte de cualquier contribución bajo protesta, deberá, dentro del plazo

improrrogable de treinta días a partir de la fecha del pago, demandar al Tesorero de Puerto Rico, en un tribunal de jurisdicción competente, para obtener la devolución de la cantidad protestada. El Tesorero de Puerto Rico, por medio del Attorney General, o funcionario que este último designe dentro de su Departamento, contestará dicha demanda dentro del término que concede la ley para cualquier contestación y en ella hará por su orden, las alegaciones sobre eliminación de particulares de la demanda, y excepciones previas.  *  *  *  ''

Tenemos que presumir que cuando la Legislatura varió los términos de la ley de 1920 en ese extremo, fué claro su propósito de no mantener en las cortes de distrito la jurisdicción exclusiva en esa clase de reclamaciones, sino que la jurisdicción se determinaría por razón de la cuantía, siguiendo para ello la ley de carácter general aprobada en 10 de marzo de 1904, Comp. de 1911, p. 262. Y seguramente se consideró para ello que no sería equitativo ni justo obligar a un contribuyente por sumas insignificantes que acudiera a una corte de distrito para establecer su demanda pudiendo hacerlo ante la corte municipal que corresponda siempre que la cuantía no exceda de $500, intereses inclusive. Sec. 1173 Comp. 1911, p. 265.

*Por las razones expuestas, debe modificarse la sentencia apelada de modo que su parte dispositiva lea como sigue: "Se declara con lugar la excepción de falta de jurisdicción y en su consecuencia se desestima la demanda, sin especial condenación de costas," y así modificada, confirmarse.*