FEDERICO CALAF, demandante y apelante, *v.* JUAN G. GA-
LLARDO, TESORERO DE PUERTO RICO, demandado y apelado.

No. 3969.—*Visto:* Noviembre 5, 1926. *Resuelto:* Enero 14, 1927.

CONTRIBUCIONES—PAGO Y DEVOLUCIÓN Y RECOBRO DE CONTRIBUCIONES PAGADAS
BAJO PROTESTA—ACCIÓN Y PROCEDIMIENTO.—JURISDICCIÓN.—Las cortes de
distrito y no las cortes municipales, cualquiera que sea la cuantía envuelta,
tienen jurisdicción para conocer de acciones que para el cobro de contri-
buciones pagadas bajo protesta se interpongan bajo la Ley No. 74 de 1925
(p. 401) para proveer rentas mediante imposición de contribuciones sobre
ingresos.

SENTENCIA de *Domingo Sepúlveda,* J. (San Juan), desestimando la demanda y ordenando el sobreseimiento y archivo del caso, sin costas. *Revocada y devuelto el caso.*

*Jaime Sifre, Horacio Franceschi, Diego O. Marrero,* abogados del apelante; *Hon. Attorney General George C. Butte* y *Sub-Attorney General Arturo Ortiz Toro,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Este era un pleito contra el Tesorero de Puerto Rico sobre devolución de contribuciones pagadas bajo protesta. La Corte de Distrito de San Juan declaró sin lugar la demanda, por creer que no tenía jurisdicción en el asunto. Su teoría fué que la sección 76, letra (*a*) de la Ley No. 74 de agosto 6, 1925 (p. 401), en su texto inglés disponía que las acciones de esta clase debían entablarse en la "propia" (*proper*) corte, y que, por lo tanto, debido a la cuantía envuelta, la que no llegaba a $500.00, era la corte municipal la única que tenía jurisdicción.

Previamente, en el caso de *Pedro de Jesús* v: *Gallardo,* 34 D.P.R. 430, esta corte había resuelto que las palabras "en un Tribunal de jurisdicción competente" que están contenidas en la Ley No. 9 del 23 de junio de 1924 (p. 71), que es una ley general sobre contribuciones, se referían a la corte que tuviera jurisdicción con motivo de la cuantía envuelta. No hay duda alguna, por tanto, que si el texto inglés de la Ley No. 74, *supra,* ha de observarse, el presente caso debe ser desestimado.

Estamos inclinados a convenir con el apelado que el remedio que se persigue debe estar sujeto a la ley más reciente sobre la materia, y que la Legislatura, al referirse a contribuciones adeudadas de acuerdo con las leyes anteriores, se refería únicamente a la obligación del contribuyente de satisfacerlas; pero como en este caso están envueltas contribuciones sobre ingresos, no tenemos la menor duda de que el caso fué interpuesto bajo la ley especial de 1925 y no bajo la ley general de 1924.

Tenemos entonces que examinar si la mencionada Ley de 1925 contiene algunas disposiciones que la distingan de la regla general.  El texto castellano, diferenciándose del inglés, dice "Ante la Corte de Distrito correspondiente."  En una moción de reconsideración, el apelante demostró a la corte de distrito que la ley de contribuciones sobre ingresos fué presentada originalmente en inglés, retirada posteriormente, y que se preparó un texto enteramente nuevo, siendo presentada en español.  Independientemente de la interpretación que debe darse a las leyes por la forma de su presentación, según dispone la ley de 1917, creemos que cuando el texto español, que fué el que en realidad estuvo ante ambas cámaras, daba la jurisdicción a las cortes de distrito, ésa era una prueba clara de la intención de la Legislatura.

La Ley No. 8 del 12 de noviembre de 1917, págs. 210 y 211, Leyes de Puerto Rico de 1917, vol. 2, dispone lo siguiente:

"Sección 1.—En el caso de existir discrepancia entre los textos inglés y castellano de un estatuto de la Asamblea Legislativa de Puerto Rico, prevalecerá en la interpretación del mismo el texto en que se hubiere originado en cualquiera de las Cámaras, salvo en los casos siguientes: (a) si el estatuto fuere una traducción o adaptación de un Estatuto de los Estados Unidos o de algún Estado o Territorio de los Estados Unidos, se dará preferencia al texto inglés sobre el texto castellano; (b) si el estatuto fuere de origen español se atenderá al texto castellano con preferencia al texto inglés; (c) si la cuestión de preferencia no pudiera resolverse por las reglas precedentes, se atenderá al texto castellano."

En realidad la Ley de contribuciones sobre ingresos que tenemos a la vista, como cuestión de hecho, se originó en castellano, en lo que a la Legislatura se refiere, y su interpretación debe regirse por el texto castellano, a menos que sea aplicable al inciso (*a*), *supra.*  Se argumenta que la ley de contribuciones sobre ingresos es una traducción o adaptación de un estatuto de los Estados Unidos.  Según la ley fué presentada originalmente, decía la "proper" corte, pero

esto fué cambiado deliberadamente en el texto castellano. Tal acto equivale a una enmienda local. La interpretación general que se debe dar a las leyes de contribuciones sobre ingresos debe guiarse por la redacción del texto inglés, pero la corte a la cual se debe acudir es un asunto local y enteramente distinto. La corte que debe invocarse no cae dentro del espíritu de la Ley No. 8 (*a*) *supra*, y dudamos si la letra de ella es aplicable.

*Debe revocarse la sentencia apelada y devolverse el caso para ulteriores procedimientos.*

El Juez Asociado Señor Hutchison no intervino.

RECONSIDERACIÓN

Febrero 7, 1927.

1. CONTRIBUCIONES—PAGO Y DEVOLUCIÓN Y RECOBRO DE CONTRIBUCIONES PAGADAS BAJO PROTESTA—ACCIÓN Y PROCEDIMIENTO—JURISDICCIÓN.—Alegándose que la intención legislativa al aprobar la Ley No. 74 de 1925 (p. 539) fué el evitar la presentación de *injunctions* ante la Corte de Distrito de los Estados Unidos para Puerto Rico para impedir el cobro de las contribuciones sobre ingresos, *se resolvió:* que si las palabras "propia corte" (*proper court*) permitieran que un contribuyente presentara su reclamación ante dicha corte, las palabras "corte de distrito correspondiente" del texto castellano en igual forma darían al contribuyente tal derecho.

2. APELACIÓN Y ERROR—VISTA Y NUEVA VISTA—RECONSIDERACIÓN DE SENTENCIA —MOCIÓN DE RECONSIDERACIÓN—OPOSICIONES.—Siendo una moción de reconsideración generalmente una cuestión *ex-parte*, no debe presentarse una "oposición" a aquélla; si en algún caso el tribunal tuviere serias dudas en cuanto a las cuestiones levantadas en la moción de reconsideración entonces dará a la parte contraria oportunidad de ser oída.

El JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Entre otros motivos para solicitar la reconsideración, el Tesorero dice:

"Que la interpretación dada por este tribunal a la sección 74 (*sic*) de la Ley de Ingresos de 1925, destruye la existencia de un remedio adecuado en ley en casos de pago bajo protesta en contribuciones sobre ingresos, habiendo sido la intención de la Legislatura, al aprobar dicha Ley, la misma que tuvo al aprobar la Ley No. 9 de 1924, para evitar la presentación de injunctions ante la Corte de

Distrito de los Estados Unidos para Puerto Rico, para impedir el cobro de las contribuciones.''

Estamos dispuestos a resolver, asumiendo que la cuestión está ante nuestra consideración, que si las palabras ''propia corte'' (*proper court*) permitieran que un contribuyente presentara su reclamación en la Corte de Distrito de los Estados Unidos, las palabras ''corte de distrito correspondiente'' en igual forma darían al contribuyente tal derecho.

[2] Los otros fundamentos de reconsideración han sido totalmente cubiertos por nuestra opinión anterior.

Mientras la moción de reconsideración estaba pendiente, el apelante radicó una llamada ''oposición'' que no hemos considerado. Una moción de reconsideración es generalmente una cuestión *ex-parte*. Si la corte decide declararla sin lugar, entonces no hay razón alguna para oir a la parte contraria, y se dispone del caso con más prontitud. Si en un caso la corte tiene algunas serias dudas, en una u otra forma entonces dará a la parte contraria la oportunidad de ser oída. Si se radica una ''oposición'' que la corte toma en consideración, la parte contraria puede convertir una moción *ex-parte* en una cuestión contenciosa, demorando así la resolución del caso.