Gavino Vázquez Colón, recurrente, *v.* El Registrador de Guayama, recurrido.

No. 667.—*Sometido:* Enero 29, 1927. *Resuelto:* Marzo 31, 1927.

1. Marido y Mujer—Bienes (De la Sociedad de) Gananciales—Agrupación—Con Bienes de Carácter Mixto.—Una parcela perteneciente a la sociedad legal de gananciales no puede agruparse a otra de carácter mixto—parte ganancial y parte privativa—aún cuando ésta sea en su mayor parte ganancial.

2. Expediente Posesorio—Conversión de la Inscripción Posesoria en Inscripción de Dominio—Parcela Poseída con Carácter Heterogéneo en Cuanto a su Dominio y Condición del Título.—No procede inscribir el título a una parcela como título convertido en dominio cuando la parcela es poseída con carácter heterogéneo en cuanto a su dominio y la condición del título, y siendo segregación de otra poseída en iguales condiciones no se demuestra que parte de dicha parcela así segregada es poseída actualmente por virtud de título posesorio y qué parte por título de dominio.

Nota de *R. B. Pérez Mercado,* R. (Guayama), denegando inscripción de una agrupación de fincas y una conversión de posesión en dominio solicitada. *Confirmada.*

*C. Domínguez Rubio,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

[1] En este caso está envuelta una escritura en la que

el recurrente compareció como comprador de una parcela de terreno de once cuerdas que él trató de agrupar con otra parcela de 17.28 cuerdas, tratando también de obtener la conversión de la posesión que ya tenía de las 17.28 cuerdas en dominio. La negativa del registrador a permitir la agrupación estaba basada en el artículo 61 del reglamento de la Ley Hipotecaria y en la opinión de esta corte en el caso de *Durán* v. *Registrador,* 20 D.P.R. 149. En dicho caso se decidió que cuando se propone una agrupación la propiedad debe pertenecer a un solo dueño o a varios proindiviso; esto es, que cada una de las diferentes personas que deseen agrupar las distintas fincas deben tener un condominio en cada una de las fincas que se han de agrupar.

En este caso la parcela de once cuerdas adquirida por la escritura que tenemos ante nos, se admite que pertenece a la sociedad de gananciales, y la otra de 17 cuerdas 28 centavos es de carácter mixto, en parte ganancial y en parte privativa. El recurrente trata de distinguir el caso de Durán y otros por el fundamento de que en uno o más de ellos las parcelas pertenecían a personas completamente distintas, por ejemplo, que una parcela era completamente ganancial y la otra enteramente privativa de uno de los cónyuges. También llama nuestra atención hacia el hecho de que las 17.28 cuerdas son en su mayor parte gananciales.

No es necesario gran esfuerzo para imaginar que cuando una parcela de terreno es poseído en parte como bien privativo y en parte como bien ganancial, los herederos de una u otra de las partes, si no de cada una aisladamente, podrían hacer reclamaciones inconsistentes con un solo dominio unido. Aun el hecho de que el marido, como dueño de la parte privativa, estuviera conforme en que toda la propiedad se considerara ganancial, no podría producir diferencia alguna. En el registro debe constar una certeza, y hemos resuelto una cuestión semejante en el caso de *Olivencia* v. *El Registrador,* 36 D.P.R. 150. La idea del artículo

61 del reglamento hipotecario es que para poder hacer la agrupación las tenencias deben ser completamente homogéneas.

[2] El recurrente también se queja de la negativa del registrador a inscribir el título de las 17.28 cuerdas como si se hubiera convertido en título de dominio. Resulta que las 17.28 cuerdas eran poseídas con carácter heterogéneo no sólo en cuanto a su dominio sino también en cuanto a la condición del título. Dicho título era en parte de dominio y en parte posesorio. Las 17.28 cuerdas fueron en realidad segregadas de una parcela mayor poseída en iguales condiciones, pero el recurrente no ha demostrado al registrador qué parte de las 17.28 cuerdas así segregadas es poseída actualmente en virtud de título posesorio y qué parte en virtud de título de dominio. El origen y propiedad de la parte ya poseída con título de dominio pudieran ser enteramente distintos del origen y propiedad de las parcelas de terreno poseídas con título posesorio, que el recurrente ahora desea convertir en título de dominio. Las personas que por ejemplo, desearan reclamar contra el título posesorio que ahora se trata de convertir en título de dominio, nunca podrían identificar su terreno con particularidad.

*La nota del registrador debe ser confirmada.*