F. Soto Gras, demandante y apelado, *v.* Manuel V. Domenech, como Tesorero de Puerto Rico, demandado y apelante.

No. 6347.—*Sometido:* Julio 10, 1933. *Resuelto:* Diciembre 20, 1933.

*Hon. Procurador General Charles E. Winter* y *R. Cordovés Arana, Subprocurador,* abogados del apelante; *J. J. Ortiz Alibrán* y *F. Soto Gras,* abogados del apelado.

EN MOCIÓN DE RECONSIDERACIÓN

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Después de emitida nuestra opinión en el caso de epígrafe, el apelante, El Pueblo de Puerto Rico, presentó una moción de reconsideración. Esta moción fué oída debidamente y está ahora ante nos. Toda vez que otras cuestiones han sido discutidas suficientemente o resueltas en nuestra opinión original o en otra jurisprudencia de esta corte, la única cuestión que debe considerarse es si la Corte de Distrito de San Juan

carecía de jurisdicción por ser la cuantía que el demandante trataba de recobrar menor de $500 y porque el pleito debió haberse radicado en una corte municipal. El gobierno basa su contención en el hecho de que la sección 76 de la Ley No. 74 de 1925 (pág. 401), de acuerdo con nuestra opinión en el caso de *American Colonial Bank* v. *Tesorero,* 43 D.P.R. 889, ha sido derogada por la Ley No. 8 de 1927 (pág. 123) en lo que al procedimiento de pagos bajo protesta se refiere. De conformidad con la ley de 1925 era claro que el contribuyente tenía que radicar su demanda en una corte de distrito. Sin embargo, si esa ley fué derogada, las disposiciones generales del derecho eran aplicables. Asumiremos por el momento que hasta 1925 un contribuyente tenía que radicar reclamación sobre devolución de contribuciones que ascendieran a menos de $500 en una corte municipal. Lo que resolvimos en el caso de *American Colonial Bank* v. *Tesorero,* supra, fué que las cuestiones de procedimiento prescritas en la ley de 1925 habían sido abrogadas por la ley de 1927. No estábamos tratando de la cuestión de jurisdicción. Por consiguiente, estamos inclinados a convenir con la contención del apelado y con la sugestión del apelante de que ambas leyes podían coexistir con respecto a la cuestión de jurisdicción si la ley más reciente no demostraba la intención de otorgar jurisdicción a la corte municipal. Si ambas leyes pueden subsistir, entonces la intención de la Legislatura de exigir a un contribuyente que acuda a una corte de distrito era enteramente clara en la ley de 1925.

El apelado llama nuestra atención hacia el hecho de que a menos que esto fuera así, el Tesorero podía acudir ante una corte de distrito para recobrar cualquier suma que se le adeudare, mientras que un contribuyente no podía hacerlo, y que esta disparidad de derechos de acción es difícil que hubiera sido tenida en mente por la legislatura.

El apelado sostiene que el caso de *De Jesús* v. *Gallardo,* 34 D.P.R. 430, no podía ser aplicable debido a que esa decisión fué dictada mientras regía la ley de 1924, la que según

el apelado fué derogada por la ley posterior. Somos de opinión que la idea de que un contribuyente tuviera que acudir a una corte municipal dependía enteramente del caso de *De Jesús* v. *Gallardo,* supra. Empero creemos que dicho caso estaba equivocado.

En primer lugar, en la opinión emitida en el referido caso no se copió íntegramente la sección 3 de la Ley No. 35 de 1911, sino sólo las palabras "ante la corte de jurisdicción competente." Esta sección en su totalidad lee como sigue:

"La parte que pague esa contribución bajo protesta podrá, en cualquier momento dentro del plazo improrrogable de treinta días después de haber hecho el pago, demandar al mencionado Tesorero ante la Corte de jurisdicción competente para ello para obtener la devolución de la citada suma; y si se decidiere, teniendo en cuenta los méritos del caso, que la cantidad fué recaudada injustamente, puesto que el demandante no la adeudaba al Gobierno, el tribunal que conozca del asunto podrá certificar, de acuerdo con las constancias del mismo, que las contribuciones de referencia fueron pagadas sin existir razón para ello, y que deben ser reintegradas, e inmediatamente el Tesorero procederá a su reintegro, dando preferencia a ese pago sobre cualquier otra reclamación que se haya hecho al Tesorero. Cada una de las partes en dicho pleito tendrá el derecho de apelación para ante el Tribunal Supremo."

Si se tratara de un caso dudoso, respecto a si las palabras "ante la corte de jurisdicción competente" significaban una corte de distrito o una corte municipal, según sea el caso, dependiendo de la cuantía envuelta, entonces las últimas palabras de dicha sección demostrarían de un modo claro que se tuvo en mente una corte de distrito. La ley no establece apelación de una corte municipal para ante el Tribunal Supremo.

Además, no creemos que fuera nunca la intención de la Legislatura otorgar jurisdicción a las cortes municipales en esta clase de procedimientos. Cuando un estatuto concede un remedio extraordinario como el aquí otorgado, la palabra "corte" de ordinario significará una corte de récord y la intención de dar jurisdicción a una corte municipal deberá aparecer claramente.

En *Calaf* v. *Gallardo*, 36 D.P.R. 147, asumimos lo correcto del caso de *De Jesús* v. *Gallardo,* supra. En una moción de reconsideración discutimos el significado de las palabras "propia corte" como aplicables a una corte de distrito. Evidentemente en dicho caso la contención fué que las palabras "propia corte" permitirían a una parte radicar un pleito ante la Corte de Distrito de los Estados Unidos para Puerto Rico.

También se indicó que nuestra Ley de Contribuciones sobre Ingresos fué tomada de la Ley Federal de Contribuciones sobre Ingresos. Sólo deseamos decir de paso que con toda probabilidad si ha de desempeñar algún papel el origen de la ley como proveniente de los Estados Unidos, nos parece muy improbable que en los Estados Unidos se resolvería que las palabras "la propia corte" serían aplicables a una que no lo fuera de récord.

Existen otras cuestiones que tienden a excluir la idea de que la Legislatura de Puerto Rico jamás tuviera en mente conceder a una corte municipal jurisdicción en casos iniciados contra el Tesorero. Hasta 1911 un contribuyente tenía aparentemente el derecho a radicar un *injunction.* Dicha ley de 1911 suprimió todos los remedios de *injunction* y obligó al contribuyente a pagar bajo protesta con derecho a solicitar su devolución mediante un litigio. Es difícil imaginarse que el remedio suprimido no quedara compensado con el remedio concedido, y que un contribuyente no pudiera plantear ante una corte de récord la cuestión que surgiera. Sin embargo, según ya hemos indicado, creemos que una lectura cuidadosa de la sección 3 de la ley de 1911 demuestra la intención de la Legislatura. El caso de *De Jesús,* supra, debe considerarse revocado.

*Debe declararse sin lugar la moción de reconsideración.*