THE SHELL Co. (P. R.) LTD., demandante y apelante, *v.* BOLÍVAR PAGÁN, COMO TESORERO DE LA CAPITAL DE PUERTO RICO, demandado y apelado.

Núm. 7294.—*Sometido:* Diciembre 16, 1936. *Resuelto:* Marzo 31, 1937.

*Samuel R. Quiñones,* abogado de la apelante; *Juan Valldejuli,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

La compañía demandante radicó demanda ante la Corte de Distrito de San Juan y en ella alega que con fecha 5 de

noviembre de 1935 se vió obligada a pagar al demandado la suma de $94.25 reclamada por éste por concepto de patente municipal por el negocio de venta de gasolina; que la demandante hubo de hacer el pago para evitar que su propiedad fuese embargada para el cobro de dicha suma; y que el pago fué hecho bajo protesta, de acuerdo con la Ley núm. 32 de mayo 4 de 1933 (Leyes de 1932-1933, pág. 255.)

Se reclama la devolución de la suma pagada bajo protesta y se alega que el cobro hecho por el demandado es ilegal por siete razones distintas, que no es necesario considerar para la resolución de la única cuestión legal que el caso nos presenta.

El demandado formuló excepción previa a la demanda, alegando que ésta no aduce hechos constitutivos de una causa de acción.

La corte de distrito dictó sentencia declarando con lugar la excepción de insuficiencia de la demanda, por cuanto la cuantía envuelta no excede de $500. Sostiene la corte en su opinión que la demandante en este caso debió haber radicado su demanda ante la corte municipal, por ser ésta la corte de jurisdicción competente para conocer del caso, toda vez que sólo se reclama la devolución de $94.25. La demandante apeló. Y señala como errores de la Corte inferior los siguientes:

"1. La Corte de Distrito de San Juan, Puerto Rico, erró al declarar en su resolución dictada en este caso con fecha 18 de febrero del cursante año, que la demanda en el mismo no aduce hechos suficientes para determinar una causa de acción, por cuanto la cuantía envuelta no excede de $500.00, toda vez que en casos de reclamación de contribuciones insulares o municipales pagadas bajo protesta corresponde a la Corte de Distrito la jurisdicción.

"2. La Corte de Distrito de San Juan, Puerto Rico, erró al declarar sin lugar la demanda en este caso sobre la base de la excepción previa planteada por el demandado apelado."

Discutiremos ambos errores conjuntamente.

La ley que regula el procedimiento para obtener la devolución de rentas, contribuciones o arbitrios impuestos por

el Gobierno de la Capital de Puerto Rico y pagados bajo protesta, es la número 32 de 4 de mayo de 1933 (Leyes de 1932–1933, pág. 255) por la que se añadió a la Ley núm. 99 de 15 de mayo de 1931 (pág. 627), "Para establecer un Gobierno Especial para la Capital de Puerto Rico y para otros fines," un nuevo artículo, que en su parte pertinente, lee así:

"Artículo 32.— . . . La parte que pague esa renta, contribución o arbitrio local bajo protesta, podrá en cualquier momento dentro del plazo improrrogable de treinta días después de haber hecho el pago, demandar al mencionado Tesorero ante la corte de jurisdicción competente para ello para obtener la devolución de la citada suma; y si se decidiere, teniendo en cuenta los méritos del caso, que la cantidad fué recaudada injusta e ilegalmente, el tribunal que conozca del asunto podrá certificar, de acuerdo con la constancia del mismo, que las rentas, contribuciones o arbitrios locales de referencia fueron pagados sin existir razones para ello, y deben ser reintegradas, dando preferencia a ese pago sobre cualquier otra reclamación que se haya hecho al Gobierno de la Capital."

La resolución de este caso depende de la interpretación que demos a las palabras *ante la corte de jurisdicción competente para ello.*

Sostiene el apelante que es la Corte de Distrito de San Juan la de jurisdicción competente para conocer de esta demanda, aún cuando el importe de la reclamación no exceda de $500, y basa su contención en la decisión de esta Corte Suprema en el caso de *Soto Gras* v. *Domenech,* 45 D.P.R. 940.

Somos de opinión que el caso citado no puede ser invocado como autoridad para sostener la contención del apelante. Las tres leyes interpretadas por esta corte en *Soto Gras* v. *Domenech,* supra, fueron la sección 3 de la Ley núm. 35 de 1911 (pág. 132, Comp. 2991), la sección 76 (*a*) de la Ley núm. 74 de 1925 (pág. 401) y la sección 3 de la Ley núm. 8 de abril de 1927 (pág. 123), todas ellas referentes al procedimiento para reclamar la devolución de contribuciones impuestas por el Gobierno Insular de Puerto Rico y pagadas bajo protesta. Expuestas en el mismo orden cronológico, dichas secciones leen así:

(Sección 3, Ley 35 de 1911).—''La parte que pague esa contribución bajo protesta podrá, en cualquier momento dentro del plazo improrrogable de treinta días después de haber hecho el pago, demandar al mencionado Tesorero ante la Corte de jurisdicción competente para ello para obtener la devolución de la citada suma; y si se decidiere, teniendo en cuenta los méritos del caso, que la cantidad fué recaudada injustamente, puesto que el demandante no la adeudaba al Gobierno, el tribunal que conozca del asunto podrá certificar, de acuerdo con las constancias del mismo, que las contribuciones de referencia fueron pagadas sin existir razón para ello, y que deben ser reintegradas, e inmediatamente el Tesorero procederá a su reintegro, dando preferencia a ese pago sobre cualquier otra reclamación que se haya hecho al Tesorero. Cada una de las partes en dicho pleito tendrá el derecho de apelación para ante el Tribunal Supremo.

(Sección 76 (a), Ley 74 de 1925).—''Las resoluciones de la Junta de Revisión e Igualamiento serán finales sin perjuicio de su reconsideración con arreglo a la ley. El contribuyente deberá satisfacer bajo protesta la contribución que le haya sido impuesta dentro del plazo fijado, pudiendo interponer dentro de los treinta días siguientes al pago bajo protesta, la correspondiente demanda contra el Tesorero de Puerto Rico ante la Corte de Distrito correspondiente.

(Sección 3, Ley 8 de 1927).—''El contribuyente que haya pagado el todo o parte de cualquier contribución bajo protesta, podrá, dentro del plazo de un año, a partir de la fecha del pago, demandar al Tesorero de Puerto Rico en una corte insular de jurisdicción competente, o en la corte de distrito de los Estados Unidos para Puerto Rico, para obtener la devolución de la cantidad protestada.''

En el caso de *Jesús* v. *Gallardo,* 34 D.P.R. 430, en el que se trataba de interpretar las palabras *''ante la corte de jurisdicción competente''* que aparecen en la sección 4 de la Ley núm. 9 de 1924 (pág. 71), que autoriza la reclamación de contribuciones insulares pagadas bajo protesta, esta corte resolvió que la jurisdicción debía determinarse por razón de la cuantía y que no siendo la suma reclamada mayor de $500 la acción debió iniciarse ante la corte municipal. La citada ley de 1924 derogó y sustituyó a la núm. 17 de mayo 13, 1920 (pág. 125), que disponía por su sección 2 que la demanda debía ser presentada *''ante la corte de distrito que corresponda*

*de acuerdo con el Código de Enjuiciamiento Civil,"* y por su sección 5, que cualquiera de las partes podía apelar de la decisión de la corte de distrito para ante la Corte Suprema. Y esta corte se expresó así:

"Tenemos que presumir que cuando la Legislatura varió los términos de la ley de 1920 en ese extremo, fué claro su propósito de no mantener en las cortes de distrito la jurisdicción exclusiva en esa clase de reclamaciones, sino que la jurisdicción se determinaría por razón de la cuantía, siguiendo para ello la ley de carácter general aprobada en 10 de marzo de 1904, Comp. de 1911, p. 262. Y seguramente se consideró para ello que no sería equitativo ni justo obligar a un contribuyente por sumas insignificantes que acudiera a una corte de distrito para establecer su demanda pudiendo hacerlo ante la corte municipal que corresponda siempre que la cuantía no exceda de $500, intereses inclusive."

A pesar de que en *Jesús* v. *Gallardo,* la interpretación de la sección 3 de la Ley núm. 35 de 1911 no iba envuelta en el caso, pues dicha ley había sido ya expresamente derogada por la núm. 17 de 1920, y ésta por la núm. 9 de 1924, esta corte decidió en *Soto Gras* v. *Domenech,* supra, que la decisión en el caso de *Jesús* v. *Gallardo* era errónea y debía considerarse revocada, por el fundamento de que en la opinión emitida en el referido caso, al discutir la sección 3 de la ley de 1911 sólo se habían tenido en cuenta las palabras *"ante la corte de jurisdicción competente"* y se habían ignorado las palabras *"cada una de las partes en dicho pleito tendrá el derecho de apelación para ante el Tribunal Supremo,"* que aparecen al final de dicha sección y que deben ser interpretadas como una prueba de que la Legislatura tuvo en mente el dar jurisdicción exclusiva de esta clase de reclamaciones a las cortes de distrito, toda vez que la ley general no establece apelación de una corte municipal para ante el Supremo.

En *Calaf* v. *Gallardo,* 36 D. P.R. 147, este tribunal interpretó la sección 76 (a) de la Ley núm. 74 de 1925, supra, resolviendo el conflicto entre el texto inglés y el español de dicha sección, en el sentido de que el que debe prevalecer es el texto español, del que aparece claramente que la intención

de la Legislatura fué la de dar jurisdicción exclusiva a las cortes de distrito.

A nuestro entender, la decisión en *Soto Gras* v. *Domenech,* supra, se basó en la hipótesis, aceptada por ambas partes litigantes, de que las dos leyes, o sea la sección 76 (*a*) de la Ley núm. 74 de 1925 y la sección 3 de la Ley núm. 8 de 1927 pudieran coexistir con respecto a la cuestión de jurisdicción, si la ley más reciente no demostraba la intención de otorgar jurisdicción a la Corte Municipal. Y dijo la corte:

" . . . Si ambas leyes pueden subsistir, entonces la intención de la Legislatura de exigir a un contribuyente que acuda a una corte de distrito era enteramente clara en la ley de 1925 (*sic*)."

Seguramente la corte quiso decir "Ley de 1927," pues era ésa la ley de cuya interpretación se trataba, y no de la de 1925, que disponía con toda claridad que la demanda debía ser entablada *ante la corte de distrito correspondiente.*

La hipótesis era a nuestro juicio insostenible, pues no concebimos que pueda aceptarse, ni siquiera hipotéticamente, la coexistencia o subsistencia de dos leyes, cuando la de fecha más reciente contiene una cláusula por la que expresamente se deroga la ley anterior, dejando a salvo solamente las acciones o procedimientos iniciados o derechos adquiridos al amparo de la legislación derogada.

Repetimos que todos estos casos y estatutos que hemos examinado se refieren a demandas sobre devolución de contribuciones pagadas bajo protesta al Gobierno Insular.

El estatuto que nos toca ahora interpretar es el artículo 32 (*a*), añadido a la Ley núm. 99 de 1931 por la núm. 32 de mayo 4, 1933, y que se refiere a procedimientos para obtener la devolución de contribuciones o arbitrios locales pagados bajo protesta al Gobierno de la Capital.

Sostiene el apelante que el artículo 32 (*a*), supra, y la sección 3 de la Ley núm. 35 de 1911, supra, contienen idénticas disposiciones, con excepción de la última oración, por la que se concede apelación ante la Corte Suprema, que no

aparece en el artículo 32 (*a*) de la Ley del Gobierno de la Capital. Y añade el apelante:

"La identidad de ambas disposiciones legales transcritas es tan evidente que no hay duda alguna de que el Legislador copió en la Sección 2 de la Ley número 32 de 1933 lo contenido en la Sección 3 de la Ley número 35 de 1911, estableciendo así en las dos leyes un procedimiento semejante, fijando así en las dos leyes iguales pautas para la reclamación de impuestos pagados bajo protesta, asemejando así en identidad innegable ambos procedimientos."

Atribuye muy poca importancia el apelante al hecho de que el legislador, al copiar *ad pedem literae* las disposiciones de la ya derogada Ley núm. 35 de 1911, para redactar el artículo 2 (*a*) de la Ley núm. 32 de 1933, dejara de copiar o suprimiera las palabras "Cada una de las partes en dicho pleito tendrá el derecho de apelación para ante el Tribunal Supremo," que figuran al final de la sección que se tomó como modelo.

No podemos presumir que la supresión de esas palabras fuera debida a descuido u olvido del legislador. Estamos más bien autorizados para presumir que la supresión obedeció a un fin o propósito determinado. No podía ser ese propósito el de privar al reclamante del derecho de recurrir en apelación ante el Supremo. Y parece más lógico suponer que la intención del legislador fué la de permitir la presentación de la demanda ante la corte que tuviere jurisdicción, de acuerdo con la cuantía del pleito; y que las palabras referentes a la apelación al Tribunal Supremo fueron suprimidas para evitar que ellas pudieran ser interpretadas, como lo fueron en *Soto Gras* v. *Domenech,* supra, como una prueba de que la intención del legislador fué la de conferir jurisdicción exclusiva a las cortes de distrito. Si la presencia de la aludida frase al final de la sección 3 de la ley de 1911 sirvió para descubrir y fijar la intención del legislador de dar jurisdicción exclusiva a las cortes de distrito, la eliminación de esa misma frase al redartarse el artículo 2(*a*) de la Ley núm. 32 de 1933 no puede tener el mismo efecto que

tuvo su inserción en la ley anterior y debemos lógicamente interpretar esa eliminación como expresiva de la intención legislativa de dar jurisdicción tanto a las cortes municipales como a las de distrito de las reclamaciones de arbitrios locales pagados bajo protesta al Gobierno de Sàn Juan, debiendo fijarse la jurisdicción de acuerdo con la cuantía.

Tratándose en este caso de la devolución de una suma que no excede de $500, la corte de distrito no erró al sostener la excepción previa y desestimar la demanda.

*Por las razones expuestas se confirma la sentencia apelada.*

El Juez Presidente Señor del Toro no intervino.