FÉLIX JUAN SERRALLÉS Y SÁNCHEZ, demandante y apelante, *v.* HON. R. SANCHO BONET, como TESORERO DE PUERTO RICO, demandado y apelado. JUAN EUGENIO SERRALLÉS Y SÁNCHEZ, demandante y apelante, *v.* HON. R. SANCHO BONET, como TESORERO DE PUERTO RICO, demandado y apelado.

Núms. 7764 y 7765.—*Sometidos:* Junio 13, 1938. *Resueltos:* Julio 28, 1938.

*V. Zayas Pizarro,* abogado de los apelantes; *Hon. Procurador General B. Fernández García y M. Rodríguez Ramos, Procurador General Auxiliar,* abogados del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

La cuestión de jurisdicción envuelta en estos dos pleitos fué considerada por la Corte de Distrito de Ponce en una sola opinión. Procederemos de igual modo en esta Corte Suprema.

Félix Juan y Juan Eugenio Serrallés y Sánchez compraron en Kansas City, Missouri, Estados Unidos de América, dos aeroplanos de dos pasajeros cada uno en agosto de 1936, los inscribieron en el Departamento Federal de Washington, D. C. como "Licensed aircraft" para uso particular de sus dueños en Puerto Rico y entre Puerto Rico y los Estados Unidos y otras naciones.

Ambos aeroplanos llegaron a la isla el 17 de agosto de 1936 y el Tesorero de la misma basándose en la Ley de Rentas Internas de 1931, tal como quedó enmendada por la núm. 108 de mayo 15, 1936 (pág. 567), cobró a Félix Juan Serrallés $258.94 y a Juan Eugenio $211.30, como contribución de rentas internas. Los Serrallés estimando que el cobro era ilegal, pagaron dichas sumas bajo protesta y reclamaron su devolución por medio de dos pleitos que contra el Tesorero interpusieron en la Corte de Distrito de Ponce amparándose en la Ley núm. 8 de 1927 (pág. 123) sobre pago de contribuciones bajo protesta.

Emplazado el demandado excepcionó las demandas por falta de jurisdicción de la corte para conocer en primera instancia de las mismas porque la cuantía envuelta en cada una de ellas era inferior a quinientos dólares.

Oyó la corte de distrito a ambas partes y en una amplia y bien razonada opinión concluyó que la excepción estuvo bien tomada y dictó sentencias desestimando las demandas sin especial condenación de costas. No conformes los demandantes apelaron para ante este tribunal.

El demandado apelado pidió la desestimación de ambos recursos por frívolos, oyéndose a las partes por sus abogados sobre la moción el trece de junio último.

Hemos estudiado la cuestión de jurisdicción envuelta y creemos que en verdad resultan frívolas las apelaciones después de los razonamientos que contiene la opinión de esta corte en el caso de *The Shell Co. (P. R.) Ltd.* v. *Pagán, Tesorero,* 51 D.P.R. 208.

Cuatro leyes ha promulgado la Legislatura sobre pago de contribuciones bajo protesta. La primera en 1911, Ley núm. 31, pág. 132; la segunda en 1920, Ley núm. 17, pág. 125; la tercera en 1924, Ley núm. 9, pág. 71, enmendada por la núm. 84 de 1925, pág. 581, y la cuarta que es la vigente en 1927, Ley núm. 8, pág. 123.

La sección 3 de la de 1911 disponía que "La parte que pague...bajo protesta podrá...demandar al Tesorero ante la corte de jurisdicción competente...para obtener la devolución. . . . Cada una de las partes en dicho pleito tendrá el derecho de apelación para ante el Tribunal Supremo." Y luego en la 4 decía que "No se dará ningún otro recurso en caso de recaudación ilegal..."

La jurisdicción en todos los casos de acuerdo con dicha ley correspondía claramente a las cortes de distrito.

La ley de 1920 no introdujo variación substancial alguna sobre la materia. Al contrario, hizo aún más clara, terminante pudiera decirse, la jurisdicción original exclusiva de las cortes de distrito al disponer por su sección 2 que "El contribuyente que hiciera el pago...presentará...una demanda ante la corte de distrito que corresponda de acuerdo con el Código de Enjuiciamiento Civil...."

Fué la ley de 1924 la que introdujo variación. Por su sección 4 dispuso que "El contribuyente que haya pagado... deberá demandar al Tesorero...en un tribunal de jurisdicción competente, para obtener la devolución...." Y por la 5 "Cualquiera de las partes podrá entablar recurso de apelación para ante un tribunal superior, archivando en la corte *a quo* su escrito...."

Interpretándola dijo y resolvió esta corte en el caso de *Jesús* v. *Gallardo*, 34 D.P.R. 430, 432:

"Tenemos que presumir que cuando la Legislatura varió los términos de la ley de 1920 en ese extremo, fué claro su propósito de no mantener en las cortes de distrito la jurisdicción exclusiva en esa clase de reclamaciones, sino que la jurisdicción se determinaría por razón de la cuantía, siguiendo para ello la ley de carácter general aprobada en 10 de marzo de 1904, Comp. de 1911, pág. 262. Y seguramente se consideró para ello que no sería equitativo ni justo obligar a un contribuyente por sumas insignificantes que acudiera a una corte de distrito para establecer su demanda pudiendo hacerlo ante la corte municipal que corresponda siempre que la cuantía no exceda de $500, intereses inclusive. Sec. 1173 Comp. 1911, pág. 265."

La enmienda de 1925 no alteró la cuestión de jurisdicción.

La nueva ley de 1927, o sea la vigente, prescribe por su sección 3 que "El contribuyente...podrá...demandar al Tesorero...en una corte insular de jurisdicción competente, o en la Corte de Distrito de los Estados Unidos, para obtener la devolución....'' Y por la 4 que "Cualquiera de las partes podrá entablar recurso de apelación de acuerdo con las disposiciones de la ley para apelaciones en casos civiles."

Como puede verse, la única variación substancial fué la de agregar la Corte de Distrito de los Estados Unidos como otro tribunal ante el cual podía acudirse en propios casos. Eso no obstante esta corte en el caso de *Soto Gras* v. *Domenech, Tesorero,* 45 D.P.R. 940, resolvió que "La intención legislativa por la Ley núm. 8 de 1927 (pág. 123) no fué otorgar a las cortes municipales jurisdicción para conocer de pleitos en cobro de contribuciones bajo protesta" y revocó el caso de *Jesús* v. *Gallardo,* supra.

En el caso de *The Shell Co. (P. R.) Ltd.* v. *Pagán, Tesorero,* supra, se trata de distinguir el caso de *Soto Gras* v. *Domenech, Tesorero,* supra, pero el razonamiento va más lejos y de hecho lo revoca. Lo resuelto, según el resumen, en dicho caso, fué: "Las acciones o procedimientos para obtener la devolución de contribuciones o arbitrios locales

pagados bajo protesta al Gobierno de la Capital, a que se refiere el artículo 32(*a*) adicionado a la Ley núm. 99 de 1931 (pág. 627) por la núm. 32 de 1933 (Leyes de 1932–1933, pág. 255), deben instarse en las cortes municipales o de distrito que tuvieren jurisdicción, de acuerdo con la cuantía del pleito (*Soto Gras* v. *Gallardo,* 45–940, *distinguido*).'' Establecida la regla, es inevitable la conclusión de que lo mismo se aplica a las contribuciones locales o municipales que a las insulares. El caso de *Calaf* v. *Gallardo,* 36 D.P.R. 147, no queda afectado porque en él se trata de contribuciones sobre ingresos y rige la ley especial sobre la materia, o sea la núm. 74 de 1925 (pág. 401).

Revocado el caso de *Soto Gras* v. *Gallardo,* supra, queda despejada la situación y la ley en pie rigiendo de acuerdo con sus términos tal como fué interpretada en *Jesús* v. *Gallardo,* supra, o sea confiriendo la facultad de conocer de esta clase de pleitos en primera instancia a las cortes insulares de jurisdicción original competente o sea a las municipales y a las de distrito, según la cuantía, pudiendo apelarse en la forma que prescribe la ley general de apelaciones en casos civiles.

*En tal virtud deben las mociones prevalecer y en su consecuencia desestimarse, por frívolos, ambos recursos, quedando confirmadas las sentencias recurridas.*

El Juez Asociado Señor De Jesús no intervino.