AMERICAN COLONIAL BANK OF PORTO RICO, demandante y apeante, *v.* JUAN G. GALLARDO, TESORERO DE PUERTO RICO, sustituído por MANUEL V. DOMENECH, demandado y apelado.

No. 5377.—*Sometido:* Diciembre 11, 1931. *Resuelto:* Julio 26, 1932.

---

\* NOTA: Véase el prefacio.

890

*Frazer & Castro Fernández*, abogados del apelante; *Hon. Attorney General, James R. Beverley, M. Rodríguez Serra, Procurador General Auxiliar* y *R. Cordovés Arana, Subprocurador*, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Este es un caso que por sus hechos envuelve la misma cuestión que fué planteada en *Gallardo* v. *United Porto Rican Sugar Co.*, 42 D.P.R. 646, y el apelado no ha discutido los méritos. En vez de eso, impugna la suficiencia de la demanda o de la causa de acción.

■ De acuerdo con la Ley No. 8 de abril 19, 1927 (Leyes de ese año, página 123) un contribuyente que haya pagado contribuciones bajo protesta puede entablar pleito dentro de un año de haber efectuado el pago. El apelante hizo el pago bajo protesta en julio 19, 1927. La acción fué iniciada el 19 de julio de 1928. El apelado sostiene que la acción fué en-

tablada fuera de tiempo por un día. Bajo el artículo 388 del Código Político, el tiempo debe computarse excluyendo el primer día. Así, pues, el año no expiró hasta el final del día 19 de julio de 1928. Si prevaleciera la contención del apelado, con igual razón podría sostenerse que si a una persona se le da un día para hacer algo, debe hacerlo el día en que se le da el permiso. Treinta días a partir del primero de junio vencen el primero de julio. Descartando los años bisiestos, 365 días, o un año, desde determinada fecha vencen en la misma fecha del año siguiente.

█ La sección 3 de la Ley No. 8 proveyó una forma de pago y un derecho de acción que eran prospectivos y excluían los medios anteriores. De suerte que una ley anterior disponiendo la radicación de la demanda dentro de treinta días de haber actuado la Junta de Revisión e Igualamiento, fué necesariamente derogada.

█ La ley de 1927 disponía que los pagos bajo protesta se harían ''a requerimiento del colector de rentas internas de su distrito (del contribuyente) o del funcionario encargado de la racaudación.'' El apelado mantiene que la demanda deja de alegar que se hiciera tal requerimiento. Si el colector acepta un pago bajo protesta, eso constituye una renuncia del requerimiento. La ley no exige cosas vanas e inútiles, y un contribuyente no necesita, a tenor de esta ley, esperar que haya un requerimiento o amenaza verdad.

'También estamos inclinados a convenir con el apelante en que al expresar la demanda que ''en julio 19, 1927, la demadante pagó bajo protesta . . . . de acuerdo con la ley,'' eso constituía, bajo las circunstancias, la alegación de un hecho último.

█ También estamos de acuerdo con el apelante en que, si después de acudir a la Junta de Revisión e Igualamiento, un contribuyente paga bajo protesta, no es necesario, luego de efectuado el pago, recurrir a dicha junta. La intención

de la legislatura fué conceder causa de acción después del pago bajo protesta.

*Debe confirmarse la sentencia apelada en cuanto ordenó la devolución de $302.64, y revocarse en tanto se negó a conceder las demás cantidades objeto del pleito; y la sentencia de esta corte deberá declarar con lugar la demanda, con intereses desde la fecha de la interposición de la misma.*

El Juez Asociado Señor Córdova Dávila no intervino.