MARIO MERCADO E HIJOS, demandante y apelante, *v.* MANUEL V. DOMENECH, TESORERO DE PUERTO RICO, demandado y apelado.

Núm. 8122.—*Sometido:* Mayo 22, 1941. *Resuelto:* Junio 24, 1941.

*Dubón & Ochoteco,* abogados de la apelante; *Hon. Procurador General George A. Malcolm y M. Rodríguez Ramos, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Este es un caso sobre devolución de contribuciones pagadas bajo protesta. Tras un estudio del mismo encontramos

que la sola cuestión a resolver es la de si la acción ejercitada está prescrita.

La contribución se impuso por el Tesorero y no conforme la demandante recurrió para ante la Junta de Revisión e Igualamiento. La junta confirmó la imposición y la demandante pagó bajo protesta en enero 18, 1932. Cerca de once meses después, en diciembre 8, 1932, inició este pleito ante la Corte de Distrito de Ponce reclamando la devolución.

Alegó el Tesorero que la acción había prescrito de acuerdo con la sección 76 de la ley núm. 74 de 1925, pág. 401, conocida por Ley de Contribuciones sobre Ingresos, y la corte así lo resolvió, registrándose su resolución como sentencia al no enmendarse la demanda.

 Admite la apelante que en efecto el término para acudir a los tribunales después de pagada la contribución bajo protesta en demanda de su devolución, es el de treinta días, como lo fija la ley invocada, que es la aplicable, y se decidió en el caso de *P. R. Fertilizer Co.* v. *Domenech, Tes.,* 50 D.P.R. 405, y por tanto que si ése fuera escuetamente su caso, su acción habría prescrito pero sostiene que cuando estableció su acción la ley según se evidenciaba por la decisión de esta propia corte en el caso de *Am. Col. Bank of P. R.* v. *Domenech, Tes.,* 43 D.P.R. 889 fijaba dicho término en un año y por tanto que su acción no había prescrito de acuerdo con lo también resuelto por este tribunal en el caso de *A. Cuesta & Cía., Sucrs.* v. *Sancho Bonet, Tes.,* 54 D.P.R. 87.

La decisión en el caso de *Am. Col. Bank,* supra, se dictó en julio 26, 1932, y el apelado admite que si la demandante hubiera efectuado su pago bajo protesta el 26 de junio de 1932, por ejemplo, expirando el término legal para radicar su demanda el 26 de julio siguiente y al llegar esa fecha no la hubiera radicado por haberse resuelto ese mismo día en el repetido caso de *Am. Col. Bank,* supra, que el término era el de un año, tendría derecho a ampararse en la excepción

reconocida en el caso de *A. Cuesta y Cía., Sucrs.,* supra, pero sostiene que habiendo ya expirado el término de ley para entablar su demanda cuando se decidió el caso de *Am. Col. Bank,* supra, no puede invocar la excepción en su favor.

Y así es en verdad. La decisión en el caso de *Am. Col. Bank,* supra, fué expresamente revocada por la del caso de *P. R. Fertilizer Co.,* supra. En su consecuencia la ley en todo tiempo fué y es que el término para recurrir a la corte era y es el de treinta días, no el de un año. Como se dijo en el propio caso de *A. Cuesta y Cía., Sucrs.,* supra:

"Una decisión judicial, según la teoría ortodoxa, es meramente evidencia de la ley mas no la ley misma. Al ser recovada no pasa a ser ley espuria de acuerdo con dicha teoría sino que debe considerársele como si nunca hubiera sido ley y tenerse el pronunciamiento reconsiderado como la ley desde un principio, excepto en tanto en cuanto menoscaba obligaciones de contratos ya celebrados o afecte perjudicialmente derechos adquiridos de conformidad con la decisión anterior, o excepto cuando fundada en la decisión anterior, una persona ha hecho algo que según la ley, la convierte en actor inocente."

Aquí la aplicable es la regla general, no la excepción, porque habiendo pagado la demandante la contribución bajo protesta en enero 18, 1932, cuando se dictó seis meses después la decisión que invoca, ya el término de treinta días que la ley le daba para reclamar la devolución ante las cortes había expirado con exceso sin que pueda alegar que fué inducida a error por algo que no existía, o que la aplicación de la ley prescindiendo de dicha decisión menoscabe obligaciones de contratos ya celebrados o afecte perjudicialmente derechos adquiridos de conformidad con la misma.

El hecho de que luego de fenecido el término se dictara la decisión y la demandada se acogiera a ella estableciendo la acción, no coloca su caso en la situación de justicia que llevó a las cortes del continente y a ésta de Puerto Rico a reconocer y consagrar la excepción. La decisión errónea

no pudo tener el efecto de revivir algo que ya había dejado de tener existencia legal por completo cuando fué dictada.

No erró en tal virtud la corte de distrito al pronunciar la sentencia apelada y *el recurso debe ser en su consecuencia declarado sin lugar y dicha sentencia confirmada.*